72 F.3d 13
 19 Employee Benefits Cas. 2356, Pens. Plan Guide P 23915R
Douglas BLEILER, Trustee of the International Union of
Operating Engineers Local 478 Benefit Funds,
Plaintiff-Appellant,
v.
CRISTWOOD CONSTRUCTION, INC. and the Netherlands Insurance
Company, Defendants-Appellees.
 No. 1594, Docket 94-9187.
 United States Court of Appeals,
Second Circuit.
 Argued May 1, 1995.
Decided Dec. 8, 1995.
 
 Martin A. Gould, Gould, Killian & Wynne, Hartford, CT (Nancy E. Gould, of counsel), for Plaintiff-Appellant.
 Lawrence G. Rosenthal, Hartford, CT, for Defendants-Appellees.
 Before: OAKES, WINTER, and MINER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 This is an action by the trustee of several union benefit funds against a general contractor and its surety to collect unpaid contributions owed by a subcontractor. The action was originally brought in state court and asserted only state law claims. It was removed by the defendants to the district court on the ground that it arose under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et seq. ("ERISA"), where Judge Nevas denied a motion to remand. After permitting the trustee to amend his complaint to allege ERISA claims, the district court dismissed the complaint. We hold that the district court properly dismissed the trustee's ERISA claims on the ground that neither the general contractor nor its surety was an ERISA "employer." However, we reverse the dismissal of the state law claims and remand.
 
 BACKGROUND
 
 2
 We of course view the allegations of the complaint in the light most favorable to the plaintiff. Paulemon v. Tobin, 30 F.3d 307, 308 (2d Cir.1994). Douglas Bleiler is the trustee of three health and benefit funds operated for the members of Local 478 of the International Union of Operating Engineers A.F.L.-C.I.O. Cristwood Construction, Inc. was the general contractor on a project in a municipal park in Waterbury, Connecticut. Cristwood hired as a subcontractor Testa Excavating, which agreed with Local 478 to pay certain amounts to the funds for each hour that it employed operating engineers. Cristwood obtained from The Netherlands Insurance Company ("NIC") a payment bond guaranteeing certain obligations in connection with the project, presumably including Testa's payments to the funds. The bond provided that Cristwood and NIC would be joint and severally liable for such obligations. Testa failed to make the payments required for the period July 1, 1992 through November 14, 1992.
 
 
 3
 On October 19, 1993, Bleiler brought this action in Hartford Superior Court to recover sums due the funds under the agreement between Local 478 and Testa. Bleiler's state court complaint sought relief against Cristwood under a Connecticut bond statute, Conn.Gen.Stat. Sec. 49-42. Bleiler sought relief against NIC under: (i) the Connecticut bond statute, id.; (ii) the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. Sec. 42-110a et seq.; (iii) the Connecticut Unfair Insurance Practices Act, Conn.Gen.Stat. Sec. 38a-815 et seq.; and (iv) common law breach of implied covenants of good faith and fair dealing.
 
 
 4
 On December 2, 1993, Cristwood and NIC removed this action to federal district court pursuant to 28 U.S.C. Sec. 1441, on the ground that the complaint arose out of ERISA and thus fell within the district court's original jurisdiction under 28 U.S.C. Sec. 1331. Bleiler thereafter sought to have the case remanded, but the district court denied his motion on the ground that Bleiler's state law claims under the Connecticut bond statute, Conn.Gen.Stat. Sec. 49-42, were preempted by ERISA. No mention was made of the other state law claims asserted against NIC. The district court suggested, however, that it "may very well be able to grant the relief Bleiler seeks under ERISA." Acting on that suggestion, Bleiler amended his complaint to include ERISA claims against Cristwood and NIC.
 
 
 5
 Cristwood and NIC moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion and dismissed the ERISA claims on the ground that neither Cristwood nor NIC was an "employer" within the meaning of ERISA. In so doing, however, it relied on Rule 12(b)(1) and dismissed for lack of subject matter jurisdiction. Without further discussion, the court then dismissed the entire complaint. The grounds for dismissing Bleiler's claim under the Connecticut bond statute were presumably the reasons given for the earlier denial of the motion to remand based on ERISA preemption. The district court did not mention the other state law claims asserted against NIC, although it may simply have assumed that they were similarly preempted. Bleiler then took the instant appeal.
 
 DISCUSSION
 
 6
 Under ERISA Sec. 502(f), 29 U.S.C. Sec. 1132(f), district courts have jurisdiction over actions by plan fiduciaries to enforce ERISA obligations, including those owed under Section 515, which states that
 
 
 7
 [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.
 
 
 8
 29 U.S.C. Sec. 1145. ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. Sec. 1002(5). The district court held that neither Cristwood nor NIC fell within this definition. We agree.[1]
 
 
 9
 Bleiler argues that because Cristwood and NIC guaranteed Testa's ERISA obligations, they were "acting indirectly in the interest of an employer." Id. However, our recent decision in Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir.1995), forecloses Bleiler's argument with respect to NIC. Greenblatt expressly held that for ERISA purposes, "a surety is not an 'employer,' " id. at 576, at least absent some type of agency or ownership relationship or an assumption of the employer's functions with regard to the administration of an ERISA plan, id. at 575. Bleiler's amended complaint contains no suggestion that any of the latter circumstances exist. Instead, as in Greenblatt, "[w]e are confronted only with a contractual relationship separate from the collective bargaining agreement by which the surety guaranteed payment of a certain sum if the contractor defaulted on its obligations." Id. We thus affirm the dismissal of Bleiler's ERISA claim against NIC.
 
 
 10
 Greenblatt informs our discussion of the ERISA claims against Cristwood as well. Cristwood, like NIC, was not a signatory to the collective agreement between Testa Excavating and Local 478. As alleged in the amended complaint, Cristwood's obligation to pay Testa's delinquent contributions is entirely the result of the joint and several liability established in the bond contract between Cristwood and NIC. The complaint does not suggest that Cristwood owned Testa, functioned as its agent, or assumed its functions with regard to an ERISA plan. Indeed, in all relevant respects, Cristwood's position is identical to that of NIC with regard to Testa and the funds. We therefore affirm the dismissal of the ERISA claims against Cristwood.
 
 
 11
 Our decision is consistent with decisions of other circuits that contractors who are not signatories to collective agreements, but who assume financial guarantees of contribution payments, do not qualify as ERISA employers. See, e.g., Carpenters Health & Welfare Trust Fund v. Tri Capital Corp., 25 F.3d 849 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994) (declining to impose ERISA liability on nonsignatory general contractor who contracted separately with signatory to pay signatory's plan contributions by joint check); Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co., 827 F.2d 1454 (11th Cir.1987) (nonsignatory subcontractor not an "employer" under ERISA); Carpenters Southern California Admin. Corp. v. Majestic Housing, 743 F.2d 1341, 1346 (9th Cir.1984) (no ERISA liability where contractor was "a non-party to the bargaining agreement that is made responsible by the operation of state [mechanic's lien] law for the failed obligations of the employer"), undermined on other grounds, Trustees of Elec. Workers Health & Welfare Trust v. Marjo Corp., 988 F.2d 865 (9th Cir.1993).[2]
 
 
 12
 We turn now to the question of whether the Connecticut bond statute, Conn.Gen.Stat. Sec. 49-42, is preempted by ERISA. Greenblatt disposes of this issue also because it held that a state contract claim on a surety bond was not preempted by ERISA and thus was not a ground for removal. In so holding, we noted that such a claim neither related to any employee benefit plan nor conflicted with any enforcement mechanism specified in ERISA. 68 F.3d at 572-75. This reasoning is entirely applicable to Bleiler's claim under the Connecticut bond statute, and we therefore reverse the dismissal of that claim.
 
 
 13
 We remand to the district court for further proceedings. We offer no opinion on the viability of the unfair trade practices, unfair insurance practices, and breach of implied covenants of good faith and fair dealing claims asserted against NIC. For reasons noted above, the district court never addressed these claims either with regard to preemption or on the merits. There are now only state claims left in the case. The district court should, on remand, determine whether they should be adjudicated in a federal forum, dismissed under 28 U.S.C. Sec. 1367(c), see United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), or remanded to the court from which they were removed. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988).[3]
 
 
 
 [1]
 We do quibble with the district court's conclusion that the ERISA claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction rather than under Rule 12(b)(6) for failure to state a claim. The conclusion that neither Cristwood nor NIC are statutory employers merely reflects the lack of a remedy against them under federal law, not the lack of a federal question. See Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); Charles A. Wright, Law of Federal Courts Sec. 18, at 113 (5th ed. 1994). In that regard, we disagree with Xaros v. United States Fidelity and Guar. Co., 820 F.2d 1176, 1180 (11th Cir.1987). We do note that a holding that a plaintiff has no standing to sue under ERISA Sec. 1132(a) may go to jurisdiction, see Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994), because standing has jurisdictional implications. However, a holding that a complaint fails to allege in sufficient terms that someone is "acting ... indirectly in the interest of an employer," 29 U.S.C. Sec. 1002(5), seems a garden variety decision on the merits. Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir.1995) is not to the contrary. It held only that the complaint in that case failed to invoke ERISA, unlike the amended complaint in the instant case
 
 
 [2]
 We need not decide whether, as the Eleventh Circuit has held, nonsignatory status alone disqualifies a party as an ERISA employer, see Giardiello v. Balboa Ins. Co., 837 F.2d 1566, 1570 (11th Cir.1988), or whether, as the Ninth Circuit has suggested, other factors may bring a nonsignatory within the definition of an ERISA employer, see Tri Capital, 25 F.3d at 855 n. 7 (declining to adopt bright-line rule)
 
 
 [3]
 Apparently because the district court held that it lacked subject matter jurisdiction and thus dismissed the complaint under Rule 12(b)(1), see supra note 1, Bleiler has appealed from the denial of the motion to remand rather than on the merits. This does not affect our consideration of this matter because the denial of the motion for remand and the dismissal of the claim under the Connecticut bond statute both rested on the preemption ruling. The legal arguments with regard to removal and the merits are thus identical
 Appellees contend that because Bleiler did not take an interlocutory appeal but instead amended his complaint to allege federal claims, he has waived his right to appeal from the denial of his motion to remand. We disagree. It is true that, if a case is tried without objection after removal and the federal court enters a judgment, the jurisdictional issue on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction at the time of trial or entry of judgment. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951). A line of subsequent appellate cases has therefore held that a party challenging removal must take an interlocutory appeal or run the risk that federal jurisdiction will exist at the time of final judgment, thereby vitiating a prior valid objection to the removal. See, e.g., Able v. Upjohn Co., 829 F.2d 1330, 1334 (4th Cir.1987), cert. denied, 485 U.S. 963, 108 S.Ct. 1229, 99 L.Ed.2d 429 (1988); Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). However, these cases involved losing parties who could not show reversible error in the judgment against them but sought to retry their claims in state court. In the instant matter, we are reversing the dismissal of the state claims on the merits.