JAMES EACOTT, JR., TRUSTEE, ET AL. *v.* INSUR-
ANCE COMPANY OF NORTH AMERICA ET AL.
(13966)

Dupont, C. J., and Landau and Spear, Js.

Argued January 9—decision released April 2, 1996

*Raymond L. Baribeault, Jr.*, with whom, on the brief,
was *Harry E. Calmar*, for the appellants (plaintiffs).

*Ernest J. Mattei*, with whom, on the brief, was *James
L. Fischer*, for the appellees (defendants).

SPEAR, J. The plaintiffs appeal from the judgment
of the trial court dismissing, for lack of subject matter
jurisdiction, their complaint against a surety and general
contractor for pension and health contributions owed
to the plaintiffs' funds pursuant to a labor and material
payment bond. The plaintiffs assert that the trial court

improperly (1) concluded that their claim was preempted by the Employee Retirement Income Security Act (ERISA); 29 U.S.C. § 1001 et seq.; and (2) refused to consider legislation pending in Congress that would clarify the issue of whether the plaintiffs' claim was, in fact, preempted by ERISA. We reverse the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. The Stone Building Company (general contractor), a defendant in this action, entered into an agreement to construct the Jewish Community Center of Greater New Haven. The project was a bonded public project. The general contractor hired CA-MI Contracting, Inc. (subcontractor), to perform the masonry work required for the project. The subcontractor thereafter hired members of a labor union to perform the work.[1] Pursuant to an agreement between the subcontractor and the labor union, the subcontractor was required to contribute to the Connecticut Bricklayer's Pension Fund (fund). This fund constitutes a recognized employee pension benefit plan established pursuant to § 302 of the Labor-Management Relations Act of 1947, later amended as 29 U.S.C. § 186, and also constitutes an employee benefit plan established pursuant to 29 U.S.C. § 1002 (1), (2) and (3). The plaintiffs in this action are duly appointed trustees of the fund.

On July 28, 1992, the general contractor on the project entered into a labor and material payment bond with the named defendant, Insurance Company of North America (surety) as required by General Statutes § 49-41.[2] Under the terms of the bond, the surety promised

---

[1] The labor union involved in this action is the District Council of Northern Connecticut of the International Union of Bricklayers and Allied Craftsmen, AFL-CIO.

[2] General Statutes § 49-41 provides in pertinent part: "Public structures. Bonds for protection of employees and materialmen. (a) Each contract exceeding twenty-five thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or of

to pay subcontractors and suppliers for labor performed and materials supplied on the project in the event of nonpayment.[3] Payments for labor included payments of pension and health contributions into the plaintiffs' fund.

The subcontractor subsequently defaulted on its payments into the fund. The plaintiffs, pursuant to General Statutes § 49-42,[4] served written notice on the surety and the general contractor, as principal on the bond, seeking payment for the contributions owed to the fund by the subcontractor. After the defendants refused to make the required payments, the plaintiffs filed a com-

any subdivision thereof shall include a provision that the person to perform the contract shall furnish to the state or the subdivision on or before the award date, a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract for the use of each such person . . . ."

[3] The bond, and the statute requiring it, serve to protect those who furnish materials and labor on a public project by ensuring payment without any undue delay. See *Royal School Laboratories, Inc.* v. *Watertown*, 358 F.2d 813, 816 (2d Cir. 1966); *American's Masons' Supply Co.* v. *F. W. Brown Co.*, 174 Conn. 219, 227, 384 A.2d 378 (1978).

[4] General Statutes § 49-42 provides in pertinent part: "Enforcement of right to payment on bond. Suit on bond, procedure and judgment. (a) Any person who performed work or supplied materials for which a requisition was submitted to, or for which an estimate was prepared by, the awarding authority and who does not receive full payment for such work or materials within sixty days of the applicable payment date provided for in subsection (a) of section 49-41a, or any person who supplied materials or performed subcontracting work not included on a requisition or estimate who has not received full payment for such materials or work within sixty days after the date such materials were supplied or such work was performed, may enforce his right to payment under the bond by serving a notice of claim on the surety that issued the bond and a copy of such notice to the contractor named as principal in the bond within one hundred eighty days of the applicable payment date provided for in subsection (a) of section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, within one hundred eighty days after the date such materials were supplied or such work was performed. . . ."

plaint pursuant to § 49-42.[5] The defendants moved to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction, claiming that ERISA preempted the plaintiffs' claim. The trial court granted the defendants' motion and later denied the plaintiffs' motion for reconsideration. This appeal followed.

The plaintiffs first challenge the trial court's conclusion that ERISA preempts their claim brought pursuant to § 49-42. The plaintiffs maintain that their claim is not preempted because (1) § 49-42 does not sufficiently "relate to any employee benefit plan" as required by § 514 (a) of ERISA; 29 U.S.C. § 1144 (a); (2) ERISA does not adequately provide redress to the plaintiffs since ERISA excludes a surety from its definition of an employer, (3) § 49-42 concerns the business of insurance and is thus exempt from preemption, (4) ERISA affords to state courts concurrent jurisdiction over actions by participants and beneficiaries, and (5) remedial statutes, such as § 49-41, that merely provide an enforcement mechanism, are not subject to federal preemption.

Our discussion of whether the plaintiffs' claim is preempted by ERISA necessarily begins with an analysis of ERISA's preemption provision. Section 514 (a) of ERISA; 29 U.S.C. § 1144 (a); provides for the preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003 (a) . . . ." The United States Supreme Court has addressed a standard for determining whether a state law *"relates to"* any employee benefit plan. (Emphasis added.) *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983). "A law 'relates to' an employee benefit plan, in

[5] General Statutes § 49-42 (a) provides in pertinent part that "[i]f the surety denies liability on the claim, or any portion thereof, the claimant may bring action upon the payment bond in the superior court for such sums and prosecute the action to final execution and judgment. . . ."

the normal sense of the phrase, if it has a connection with or reference to such a plan." Id.; see also *District of Columbia* v. *Greater Washington Board of Trade*, 506 U.S. 125, 129–30, 113 S. Ct. 580, 121 L. Ed. 2d 513 (1992) ("ERISA pre-empts any state law that refers to or has a connection with covered benefit plans . . . 'even if the law is not specifically designed to affect such plans, or the effect is only indirect . . .' and even if the law is 'consistent with ERISA's substantive requirements'" [citations omitted]); *New York State Conference of Blue Cross & Blue Shield Plans* v. *Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995).

Our resolution of whether § 49-41 "relates to" any employee benefit plan is greatly facilitated by two cases recently decided by the United States Court of Appeals for the Second Circuit that are factually analogous to the present case. In *Greenblatt* v. *Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995), decided October 13, 1995, the defendant-surety appealed from the judgment of the District Court awarding recovery on a surety bond to the plaintiffs. On appeal, the defendant claimed that the federal District Court lacked subject matter jurisdiction to entertain the plaintiffs' claim on the bond that was issued pursuant to a collective bargaining agreement. Id., 567.[6]

---

[6] We also note that the court in *Greenblatt* addressed whether the plaintiffs' claim was preempted by § 301 of the Labor-Relations Management Act, 29 U.S.C. § 185. That section provides that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." The court concluded that § 301 "does not pre-empt state surety law. [N]ot every dispute . . . tangentially involving a provision of a collective-bargaining agreement . . . is pre-empted by § 301 . . . ." (Internal quotation marks omitted.) *Greenblatt* v. *Delta Plumbing & Heating Corp.*, supra, 68 F.3d 572–73. The court continued: "'As a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and

Because federal jurisdiction over a state law claim can arise through the preemption of that state law claim, the Second Circuit entertained the issue of whether the plaintiffs' claim was preempted by ERISA. "In determining whether a state law [relates to any employee benefit plan], we look first to see whether that law makes explicit reference to ERISA plans. . . . If it does not, we inquire whether pre-emption would serve the basic purpose of § 514 (a): namely, to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." (Citation omitted; internal quotation marks omitted.) Id., 574. The court then found that "state surety law makes no explicit reference to ERISA plans and does not . . . regulate them in any fashion. Nor does the application of state surety law to bonds ensuring ERISA obligations threaten a 'multiplicity of regulation' that would interfere with 'the nationally uniform administration of employee benefit plans.' " Id; see also *New York State Conference of Blue Cross & Blue Shield Plans* v. *Travelers Ins. Co.*, supra, 514 U.S. 656–58. The Second Circuit therefore concluded that "[a]lthough obviously affecting and involving ERISA plans, *surety bond claims are not pre-empted by § 514 (a)."* (Emphasis added; internal quotation marks omitted.) *Greenblatt* v. *Delta Plumbing & Heating Corp.*, supra, 68 F.3d 574; see also *Mackey* v. *Lanier Collection Agency & Service*, 486 U.S. 825, 833, 108 S. Ct. 2182, 100 L. Ed. 2d 836 (1988).

The Second Circuit reached the same conclusion in *Bleiler* v. *Cristwood Construction, Inc.*, 72 F.3d 13 (2d Cir. 1995), decided December 8, 1995, when the court addressed the identical issue now confronting us, spe-

a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, *but the separate state-law analysis would not be thereby pre-empted.'* " (Emphasis added.) Id., 573, quoting *Lingle* v. *Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988).

cifically, whether ERISA preempts claims brought pursuant to § 49-42. In *Bleiler*, the Second Circuit reversed the judgment of the District Court dismissing the plaintiff-trustee's § 49-42 claim on the ground that the state law claim was preempted by ERISA.[7] On an appeal brought by the plaintiff, the Second Circuit, relying on its recent decision in *Greenblatt*, concluded that the "state contract claim on [the] surety bond was not preempted by ERISA . . . [because] such a claim neither related to any employee benefit plan nor conflicted with any enforcement mechanism specified in ERISA." Id., 16.

Because the issue of preemption is a matter of federal law; *Times Mirror Co.* v. *Division of Public Utility Control*, 192 Conn. 506, 510, 473 A.2d 768 (1984); we are bound by the decision in *Bleiler* under the supremacy clause of article six of the United States constitution. While §§ 49-41 and 49-42 have an obvious effect on ERISA plans, the statutes do not explicitly make reference to ERISA plans or regulate such plans in any fashion. As such, §§ 49-41 and 49-42 do not sufficiently "relate to any employee benefit plan" to fall within the preemption provision of § 514 (a) of ERISA (29 U.S.C. § 1144 [a]). The trial court, therefore, should have denied the defendants' motion to dismiss for lack of subject matter jurisdiction.[8]

The plaintiffs also assert on appeal that the trial court improperly refused to consider pending legislation in Congress that would clarify the issue of whether the plaintiffs' claim was preempted by ERISA. Because we

---

[7] In *Bleiler*, the plaintiff also filed a claim pursuant to ERISA that was separate and distinct from its § 49-42 claim. That claim was also dismissed by the District Court. On appeal, that portion of the judgment dismissing the plaintiff's ERISA claim was affirmed. *Bleiler* v. *Cristwood Construction, Inc.*, supra, 72 F.3d 15–16.

[8] We recognize that the trial court did not have the benefit of the *Greenblatt* and *Bleiler* decisions, as they were decided after the judgment of the trial court.

have independently concluded that § 49-42 claims are not preempted by ERISA, we need not address the merits of this issue.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.