IRONWORKERS LOCAL UNION NO. 808; Ironworkers Local Union No. 808 Pension Fund; Ironworkers Local Union No. 808 Annuity Fund; Ironworkers Local Union No. 808 Apprenticeship Fund; Wade A. Ivey, Billy E. Sheffield, Phillip Coxwell, Steve Parker, David Kitchens and Stanley Dvorak, Jr, as Trustees of the Trust Funds; and the Southeastern Iron Workers Welfare Fund, Plaintiffs,

v.

Terrence R. SICILIA d/b/a T.R. Sicilia, Defendant.

No. 97–1116–CIV–ORL–18A.

United States District Court,
M.D. Florida,
Orlando Division.

April 15, 1999.

John J. Chamblee, Jr., Law Office of John J. Chamblee, Tampa, FL, for Plaintiffs.

Terrance R. Sicilia, Ormond Beach, FL, pro se.

## ORDER

G. KENDALL SHARP, District Judge.

Ironworkers Local Union No. 808 ("Local 808"), et al. brought this action against Terrence R. Sicilia, proceeding pro se, alleging that the defendant failed to pay employee benefits contributions and other monies due as required under two collective bargaining agreements executed by the defendant and Local 808. The Complaint charges the defendant with violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The case was tried by the court without a jury on April 6, 1999. Having reviewed the evidence in the record and the relevant law, the court now issues its final order in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

### I. Findings of Fact

Plaintiff Ironworkers Local Union No. 808 is an "employee organization" within the meaning of ERISA, 29 U.S.C. § 1002(4), and a "labor organization" within the meaning of the LMRA, 29 U.S.C. § 152(5). Plaintiffs Ironworkers Local Union No. 808 Pension Fund, Ironworkers

Local Union No. 808 Apprenticeship Fund, Ironworkers Local Union No. 808 Annuity Fund, and Southeastern Iron Workers Health & Welfare Fund (hereafter collectively referred to as the "Trust Funds") are employee benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(3) and are administered in Orlando, Florida. Plaintiffs Wade A. Ivey, Billy E. Sheffield, Phillip Coxwell, Steve Parker, David Kitchens, and Stanley Dvorak, Jr. were at all times material to this action trustees of the Trust Funds. Defendant Terrence R. Sicilia holds a general contractor license and is engaged in, licensed to and/or doing business as an ironworker contractor in and about the Orange County, Florida area as T.R. Sicilia.

The defendant and Local 808 entered into two collective bargaining agreements for two different construction projects. The first was dated July 30, 1996 (referenced as "Fern Growers Wholesale—Pierson") and the second was dated August 19, 1996 (referenced as "Red Iron Building for the University of Florida—Hague, FL"). The following language appears on the signature page of each of the collective bargaining agreements:

> This will acknowledge that the undersigned, acting for and on behalf of the Contractor hereby accepts, adopts and agrees to be bound by each and every terms and provision, including those which create and require contributions to Iron Workers Local 808 Health and Welfare, Pension, Annuity, Vacation and Apprenticeship Funds, for the benefit of employees and their dependents, and to the Institute of the Ironworking Industry, Political Action Fund, Due Checkoff (to include weekly Dobie), District Council and Contract Management Fund, all contained in this Agreement.

(Pl.Exs. 1 & 2). The defendant signed both collective bargaining agreements as the Contractor. After the agreements were executed, Local 808 referred iron workers to the defendant to perform construction services on the Fern Growers and Red Iron Building jobs. (Pl.Ex.7). The defendant has not paid the employee benefits contributions required by the agreements. The plaintiffs seek payment for the unpaid balance plus interest, penalties, costs and attorneys' fees.

On or about May 10, 1996, prior to executing the collective bargaining agreements with Local 808, the defendant entered into an agreement with Staff Leasing, II, L.P. (Pl.Ex.9). Pursuant to that agreement, Staff Leasing agreed to provide employment-related services to the defendant. The evidence shows that Staff Leasing performed payroll services in conjunction with the defendant's employment of the iron workers. (Pl.Ex.8). Although the defendant contends that the iron workers were actually employed by Staff Leasing, the testimony and evidence indicate that the iron workers were referred to the defendant by Local 808. (Pl.Ex.7, R. p. 50–51). Staff Leasing was not a party signatory to the collective bargaining agreements.

## II. Conclusions of Law

Jurisdiction is conferred upon this court pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

The central question before the court is whether the defendant comes within the definition of "employer" in ERISA so that he may be held liable for contributions into the Trust Funds. Title 29 U.S.C. Section 1145 imposes a statutory obligation on employers to make contributions to benefit plans:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

The definition of "employer" is set forth in 29 U.S.C. § 1002(5):

> The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in

relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

The plaintiffs contend that by signing the collective bargaining agreements the defendant became obligated as the employer to make the required contributions. In *Carriers Container Council, Inc. v. Mobile Steamship Ass'n—Int'l Longshoreman's Ass'n, AFL—CIO Pension Plan and Trust*, 896 F.2d 1330 (11th Cir.), *cert. denied*, 498 U.S. 926, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990), the Eleventh Circuit stated that the definition of "employer" in Title I of ERISA includes " 'a person who is obligated to contribute to a plan either as a direct employer or in the interest of an employer of the plan's participants.' " *Id.* at 1343 (quoting *Korea Shipping Corp. v. New York Shipping Ass'n*, 880 F.2d 1531, 1536 (2nd Cir.1989)). This definition of an employer was followed by the Eighth Circuit in *Rheem Mfg. Co. v. Central States Southeast and Southwest Areas Pension Fund*, 63 F.3d 703, 706–07 (8th Cir.1995). In *Rheem Mfg*, the court applied the contributing obligor definition of employer and found that "the party who is signatory to a contract creating the obligation to contribute is the 'employer' for purposes of establishing withdrawal liability." *Id.* at 707.

The evidence is undisputed that the defendant signed two collective bargaining agreements which required contributions to be made to the Trust Funds. (Pl.Exs. 1 & 2). The only signatures that appear on the collective bargaining agreements are those of Daniel S. Parker, the Local 808 representative, and Terrence R. Sicilia for T.R. Sicilia Construction. (Pl.Exs. 1 & 2). There is nothing in the collective bargaining agreements suggesting that the defendant signed as a representative of some other company. Therefore, as a signatory to the collective bargaining agreements, the defendant was an "employer" within the meaning of ERISA and was obligated to remit the employee benefit contributions. *See, e.g., Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Services Fund and Annuity Fund v. Lollo*, 35 F.3d 29, 37 (2nd Cir.1994) (holding that the defendant who signed the collective bargaining agreement became contractually obligated to make pension contributions and as such "qualifies as an employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement pursuant to § 1145.")

At trial, the defendant argued that he was merely the superintendent on the construction projects and was not the actual employer of the iron workers. He claims that Staff Leasing was the employer and thus, Staff Leasing is liable for the contributions to the Trust Funds. However, Staff Leasing was not a party signatory to the collective bargaining agreements. The Eleventh Circuit has held that to be an ERISA employer, a company must be party to the collective bargaining agreement. *See Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566, 1570 (11th Cir.1988); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*, 827 F.2d 1454, 1457 (11th Cir.1987). Furthermore, the evidence presented at trial indicates that Staff Leasing would have terminated its agreement with the defendant if it had known that a collectively bargained agreement between the defendant and the plaintiffs existed. (Pl.Ex.9, ¶ 10). Whatever contractual relationship existed between the defendant and Staff Leasing was separate from the collective bargaining agreement and any responsibility that Staff Leasing may have for the defendant's obligations—and it is not clear that it bears any such responsibility—derives from state law. *See Carpenters Health and Welfare Trust Fund for Ca. v. Tri Capital Corp.*, 25 F.3d 849, 856 (9th Cir.), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994). The defendant also suggested at trial that an entity called Lifetime Structures was the employer on the projects. The defendant, however, failed to present any evidence as to the

identity of this organization or the role it played in the Fern Growers and Red Building jobs. As discussed above, the Eleventh Circuit has declined to impose ERISA liability on parties who are not signatories to the collective bargaining agreement. *See Giardiello*, 837 F.2d at 1567; *see also Bleiler v. Cristwood Construction Inc.*, 72 F.3d 13, 16 (2nd Cir. 1995) (holding that a general contractor is not liable for the subcontractor's ERISA obligations where the general contractor was not a party to the collective bargaining agreements).

The plaintiffs request an award of damages for the unpaid contributions to the Trust Funds, plus prejudgment interest, penalties, costs, and attorneys' fees. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2) provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> (A) the unpaid contributions,
> (B) the interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

The plaintiffs seek $5,759.59 for unpaid contributions, $1,677.70 in interest, and a penalty of $460.77. (Pl.Ex.11). As stated in 29 U.S.C. § 1132(g)(2), the interest and the penalty are determined by the rate provided in the collective bargaining agreements. (Pl.Exs. 1 & 2, ¶ 14). The plaintiffs' damages calculations were not disputed at trial. However, no evidence was presented that the defendant was made aware of his delinquency or was sent any documents detailing the amounts owed in a timely manner. Therefore, the court declines to impose a penalty on the defendant for non-payment of the benefits.

### III. Conclusion

Terrence R. Sicilia executed two collective bargaining agreements with Local 808 which required him to make contributions to the Trust Funds. He, therefore, falls under the definition of "employer" in Title I of ERISA, 29 U.S.C.A. § 1002(5). As an employer who is obligated to make contributions required by the collective bargaining agreements, pursuant to § 1145 he is liable for the plaintiffs' claim to enforce this obligation under § 1132. Accordingly, the court finds that the plaintiffs are entitled to $5,759.59 for unpaid contributions to the Trust Funds, along with prejudgment interest in the amount of $1,677.70. The court refers all issues relating to costs and attorneys' fees to the Magistrate Judge.