NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   NC-12-1263-JuPaD |
| | ) | |
| JACK KLEIN, | ) | Bk. No.   NC-11-31873-TEC |
| | ) | |
| Debtor. | ) | Adv. No. NC-11-3171-TEC |
| _____ | ) | |
| DOUGLAS CARAWAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| JACK KLEIN, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on September 20, 2013
at San Francisco, California

Filed - October 3, 2013

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Thomas E. Carlson, Bankruptcy Judge, Presiding

_____

Appearances:   Joseph Bochner, Esq. argued for appellant Douglas
Caraway; Howard L. Hibbard, Esq., argued for
appellee Jack Klein

_____

Before:   JURY, PAPPAS, and DUNN, Bankruptcy Judges.

* This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

-1-

Appellant, Douglas Caraway, appeals from the bankruptcy court's judgment in an adversary proceeding in favor of chapter 7[1] debtor, Jack Klein.

In granting judgment on the pleadings for debtor, the bankruptcy court found that Caraway's state court judgment debt against debtor was dischargeable on the grounds that (1) Caraway had assigned his judgment debt to Sandra Williams dba Capital Judgment Recovery (Williams) prepetition and thus Williams was the real party in interest under Civil Rule 17(a); and (2) Caraway's complaint failed to state a claim against debtor as a matter of law due to Williams' postpetition filing of an acknowledgment of satisfaction of judgment (SOJ) in the state court. The court also found that Williams did not violate the automatic stay by filing the SOJ postpetition and dismissed Caraway's claims against Williams without prejudice for lack of subject matter jurisdiction. We AFFIRM.

## I.  FACTS

**A.  The State Court Judgment**

In March 1993, Caraway, dba as Caraway Audio, entered into an agreement with George Silva, Prompt Rewire and debtor to supply and install a public address system in and around the San Mateo County Exposition Center. Caraway was not paid and in September 1993, Caraway filed a complaint in the Superior Court of California, San Mateo County, against Silva, Prompt Rewire,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

debtor and the County of San Mateo alleging causes of action for breach of contract and fraud.

Debtor answered the complaint, asserting as an affirmative defense, among others, that he was not a party to the contract. Debtor also filed a cross-complaint against Silva, Prompt Rewire and the County of San Mateo seeking indemnification and apportionment of fault.

At some point, Caraway settled with Silva, Prompt Rewire and the County of San Mateo.

On December 1, 1997, the state court held a bench trial. Debtor did not appear. After hearing testimony, the state court found for Caraway, awarding him $23,259 in damages, which included principal of $18,125 and interest, $5,000 in punitive damages and $9,960 in attorneys' fees.

On April 14, 1998, the state court entered a default judgment against debtor. The judgment was renewed.[2]

**B.    The Assignment of the State Court Judgment**

On January 11, 2010, Caraway entered into an Assignment and Acceptance Agreement with Williams. The assignment shows, among other things, that it was an "absolute assignment" of the full amount of the judgment which at that time was $75,308.33, and that Williams was to pay fifty percent of the net revenue collected to Caraway after paying costs for collection. In addition, Caraway as the assignor acknowledged that as of the date the assignment was executed, "[a]ssignee has the exclusive

---

[2] Under California law, the judgment is enforceable for a period of 10 years, and longer if renewed. See Cal. Code Civ. Proc. §§ 683.020, 683.120(b).

right to satisfy, settle, compromise and collect the judgment at [a]ssignee's sole discretion."

**C. The Bankruptcy Proceedings**

On May 13, 2011, debtor filed a chapter 13 petition.[3]

On August 22, 2011, Caraway filed the instant adversary proceeding against debtor seeking to have the state court judgment debt declared nondischargeable under § 523(a)(2).

On October 22, 2011, debtor filed a motion for summary judgment (MSJ) on the ground that Caraway had assigned all right, title and interest in the underlying judgment to Williams and, as a result, Caraway lacked standing to assert the action.

On December 8, 2011, Caraway filed an opposition to debtor's motion, asserting that he retained a beneficial interest in the judgment because Williams was required to pay him fifty percent of the net recovery if, and only if, she collected on the judgment. Caraway further maintained that the sole purpose of the assignment was to permit a third-party, non-lawyer — Williams — to collect the judgment for Caraway's benefit in return for a contingency fee, which arrangement was illegal.

On the same date, Caraway filed a declaration attaching the pleadings from the state court lawsuit and an unsigned copy of the assignment. Caraway declared Williams never gave him any

---

[3] On February 13, 2012, on the motion of the chapter 13 trustee, the bankruptcy court converted debtor's case to one under chapter 7 because his unsecured debt, which included the state court judgment debt at issue in this appeal, exceeded the statutory limit under § 109(e). Therefore, he did not qualify for relief under chapter 13.

monies in return for the assignment.

On December 22, 2011, the bankruptcy court entered a Tentative Ruling on the MSJ. The court ruled that at most debtor's motion would determine that Caraway was not the plaintiff real party in interest. Relying on Civil Rule 17(a)(3),[4] incorporated by Rule 7017, the bankruptcy court gave Caraway time to obtain Williams' ratification, joinder, or substitution.

On January 6, 2012, the bankruptcy court entered an order denying debtor's MSJ and giving Caraway forty-five days to obtain Williams' ratification, joinder or substitution. The court's order further stated that, if Caraway failed to comply fully and timely with the court's order, the court may dismiss the proceeding without further notice or hearing. The record shows that Caraway never obtained Williams' ratification, joinder or substitution in the adversary proceeding.

On January 14, 2012, debtor filed a Notice of Filing of Satisfaction of Judgment. Attached as Exhibit "A" was a certified copy of the SOJ signed by Williams and filed in the San Mateo County Superior Court on January 13, 2012.

---

[4] Civil Rule 17(a)(3) entitled Joinder of the Real Party in Interest provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

On February 15, 2012, Caraway filed his first amended complaint joining Williams not as a plaintiff, but as a defendant. Caraway alleged generally that Williams took a contingency fee in return for her collection efforts under the assignment, but that she was not a member of the California State Bar. Caraway then alleged claims for relief against Williams for fraud and deceit, constructive fraud, and unfair business practices. He also sought injunctive relief against her under the Consumer Legal Remedies Act based on consumer fraud. Finally, in his prayer for relief, Caraway requested the imposition of a constructive trust upon Williams and an order commanding Williams to relinquish her purported interest in his judgment.

On February 22, 2012, debtor filed an answer to Caraway's FAC. Debtor asserted Caraway filed the FAC without leave from the bankruptcy court and also sought to join Williams, a third party, which was unnecessary when the judgment debt had been satisfied.

On March 5, 2012, the bankruptcy court held a hearing, the transcript of which is not included in the record. At that hearing, Caraway evidently acknowledged that he had executed an assignment of the state court judgment to Williams.

On March 9, 2012, the bankruptcy court entered an Order to Show Cause re Judgment on the Pleadings for Defendant (OSC). Based on Caraway's admission regarding the assignment and the SOJ signed by Williams and filed in the state court, the court required Caraway to file a brief by April 2, 2012, showing cause why the court should not enter judgment on the pleadings for

-6-

debtor. The court stated that if Caraway did not timely comply, it may, without further notice or hearing, enter judgment for debtor.

On April 2, 2012, Caraway's counsel filed a request for a seventy-two-hour extension to respond.

On April 13, 2012, Caraway filed his response to the OSC seeking to have the bankruptcy court issue an order commanding Williams to appear. Caraway argued that he retained an equitable interest in the judgment because the assignment was merely one for collection, that the filing of the purported SOJ in the underlying action violated the automatic stay, and that Williams had engaged in the unauthorized practice of law.

On April 16, 2012, the bankruptcy court entered its Memorandum Decision and Order. The court denied Caraway's request for an extension of time to respond to the OSC. The court found that upon its review of the assignment, Caraway had assigned all rights, title, and interest in the state court judgment to Williams and that Williams had full authority to recover, compromise, settle, and enforce the state court judgment. The bankruptcy court further found that although Caraway was given the opportunity to present evidence controverting the absolute assignment or SOJ, he did not do so. Finally, the court decided that the filing of the SOJ by Williams was not an action taken against debtor in violation of § 362.

On April 18, 2012, the bankruptcy court entered judgment for debtor and dismissed all claims against Williams without prejudice for lack of subject matter jurisdiction or in the

alternative, permissive abstention under 28 U.S.C. § 1334(c)(1).

On April 27, 2012, Caraway filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court erred in granting judgment on the pleadings in favor of debtor based on the assignment and SOJ;

B. Whether the bankruptcy court erred in finding that Williams' filing of the SOJ in the state court did not violate the automatic stay under § 362; and

C. Whether the bankruptcy court erred in dismissing Caraway's claims against Williams for lack of subject matter jurisdiction.

## IV. STANDARDS OF REVIEW

We review de novo (1) judgments on the pleadings granted under Civil Rule 12(c); (2) the bankruptcy court's decision on the applicability of the automatic stay under § 362; and (3) the bankruptcy court's subject matter jurisdiction. Lyon v. Chase Bank USA, N.A., 656 F.3d 877 (9th Cir. 2011) (judgments on the pleadings); McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit), 217 F.3d 1072, 1077 (9th Cir. 2000) (scope or applicability of the automatic stay under § 362 is a question of law); Battle Ground Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124, 1130 (9th Cir. 2010) (subject matter jurisdiction).

De novo review is independent, with no deference given to

-8-

the trial court's conclusion. See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).

## V. DISCUSSION

**A.  The Bankruptcy Court Did Not Err in Granting Judgment on the Pleadings for Debtor**

A bankruptcy court may sua sponte dismiss claims by granting judgment on the pleadings. See Jackson v. E. Bay Hosp., 980 F.Supp. 1341, 1358 (N.D. Cal. 1997). The court must give notice of its sua sponte intention to dismiss the claims and afford plaintiffs "an opportunity to at least submit a written memorandum in opposition to such motion." Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). Here, the bankruptcy court complied with this procedure. Caraway had notice and was given the opportunity to file a brief in response to the bankruptcy court's OSC re judgment on the pleadings. Indeed, Caraway submitted a brief in response to the OSC, albeit an untimely one.[5]

"Judgment on the pleadings is proper when, taking all allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). In other words, a motion for judgment on the pleadings is evaluated under the same standards as a motion to dismiss for

---

[5] Although Caraway's brief was late, the record shows that the bankruptcy court did not dismiss his claims on this ground.

-9-

failure to state a claim under Civil Rule 12(b)(6), and dismissal pursuant to Civil Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. Merchs. Home Delivery Serv., Inc. v. Hall & Co., 50 F.3d 1486, 1488 (9th Cir. 1995).

In ruling on a motion for a judgment on the pleadings, the bankruptcy court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In addition, the court does not have to accept as true conclusory allegations that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint. See, e.g., Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).

The bankruptcy court may dispose of a case under Civil Rule 12 by reference to documents "whose contents are alleged in a complaint and whose authenticity no party questions" without treating the motion as one for summary judgment. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998). Caraway referenced the assignment in his FAC and no party has questioned its authenticity. Accordingly, the bankruptcy court properly considered the content of the assignment when ruling.

Finally, when considering a motion for judgment on the pleadings, the bankruptcy court "may consider facts that 'are contained in materials of which the court may take judicial notice.'" Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999); see also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (court may take

-10-

judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment). Accordingly, the bankruptcy court could take judicial notice of the SOJ because it was a matter of public record.  Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

We apply these legal standards to the facts of this case.

**Analysis**

Civil Rule 17(a)(1) provides, in relevant part, that "[a]n action must be prosecuted in the name of the real party in interest."  "'This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced.  Such a requirement is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"  Sung Ho Cha v. Rappaport (In re Sung Ho Cha), 483 B.R. 547, 551 (9th Cir. BAP 2012).

In Carter v. Brooms (In re Brooms), 447 B.R. 258 (9th Cir. BAP 2011), the Panel considered the application of the real party in interest rule to assignments.  Unlike here, in Brooms, the assignee of the judgment sought to have the prepetition judgment debt declared nondischargeable.  Concerned that the assignee was not the real party in interest, the bankruptcy court required the assignee to produce evidence regarding the assignment.  After assignee failed to produce the evidence, the bankruptcy court entered judgment in favor of debtor.

"'In an action involving an assignment, a court must ensure that the plaintiff-[assignor] is the real party in interest with

-11-

regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been made.'" Id. at 265 (quoting 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Fed. Practice and Proc. § 1545 (3d ed. 2010)).  The Panel noted:

> Under California law,[6] a judgment creditor may assign a judgment to a third person.  Cal. Civ. Code § 954. 'In doing so, the judgment creditor assigns the debt upon which the judgment is based. . . .  Through such an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the assignor for the enforcement of the debt, subject, however, to the defenses that the judgment debtor had against the assignor.' Great W. Bank v. Kong, 90 Cal.App.4th 28, 108 Cal.Rptr.2d 266, 268 (2001) (internal citations omitted).  An assignment carries the legal title to the judgment; 'the transfer of the title does not depend upon the fact of there being a valuable consideration.' Curtin v. Kowalsky, 145 Cal. 431, 78 P. 962, 963 (1904).

> Furthermore, under federal law, assignees of claims generally have standing to prosecute objections to the dischargeability of particular debts. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1091 (9th Cir.2009).  And for collection purposes, the assignee who holds legal title to the debt according to substantive law is the real party in interest, even though the assignee must account to the assignor for whatever is recovered in the action. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 284–85 (2008).

In re Brooms, 447 B.R. at 265.

Furthermore, under California law, "[i]n determining what rights or interests pass under an assignment, the intention of the parties as manifested in the instrument is controlling." Nat'l Reserve Co. of Am. v. Metro. Trust Co. of Cal., 17 Cal.2d 827, 832 (Cal. 1941); Cambridge Co. v. City of Elsinore,

---

[6] The assignment states that it is governed and construed in accordance with California law.

-12-

57 Cal.App. 245, 249 (Cal. 1922) ("As with contracts generally, the nature of an assignment is determined by ascertaining the intent of the parties.").

On appeal, Caraway asserts that the bankruptcy court erred in entering judgment for debtor because the assignment was partial, not absolute. According to Caraway, the assignment was only for collection, and since he was entitled to fifty percent of any recovery, he retained an equitable interest in the judgment and thus qualified as a real party in interest. There is authority for the proposition that where there has been only a partial assignment, as in an assignment for collection, both the assignor and the assignee have an interest in the claim and both are real parties in interest. In re Hooker Inves., Inc., 116 B.R. 375, 382 (Bankr. S.D.N.Y. 1990) ("[I]n the case of a partial assignment, the assignee owns the part assigned to him, the assignor the balance; each is a real party in interest as to his part of the claim.") (citing 3 Williston on Contracts § 443 n.14 (3d ed. 1960)); see also 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Fed. Practice and Proc. § 1545 (3d ed. 2013) ("[W]hen there has been only a partial assignment the assignor and the assignee each retain an interest in the claim and are both real parties in interest. . . in an action involving an assignment for collection, . . . the assignor retains a sufficient interest in the property to be a real party in interest, and under Rule 17(a) either party may sue to protect those rights.").

However, the plain terms of the assignment show that Caraway gave up his right to enforce the judgment when he

acknowledged that Williams held the exclusive right to satisfy, settle, compromise and collect the judgment at her sole discretion. Such an assignment of rights is valid under California law. Cal. Civ. Code § 954. Additionally, In re Brooms holds that under California and federal law, Williams became a real party in interest whether or not Caraway retained an interest in any potential recovery. 447 B.R. at 265. That Williams agreed to split with Caraway any recovery she obtained does not undermine the assignment's effect to vesting legal title of the judgment in Williams. See Nat'l Reserve Co., 17 Cal.2d at 831. For these reasons, Williams was the real party in interest under Civil Rule 17(a).

Unable to obtain Williams' joinder or ratification under Civil Rule 17(a)(3), Caraway sought her involuntary joinder in the FAC and requested the bankruptcy court to compel her appearance. While Civil Rule 17(a) governs only the right of Caraway to bring the suit, Civil Rule 19 tells us whether the appropriate parties are before the court. U-Haul Int'l v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986). Civil Rule 19 provides in relevant part:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

-14-

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

By its terms, Civil Rule 19 limits the power of plaintiffs to determine who shall be parties in lawsuits they institute. U-Haul, 793 F.2d at 1039. It does so in order to serve three sets of interests: "'(1) the interests of the present defendant; (2) the interests of the potential but absent plaintiffs and defendants; and (3) the social interest in the orderly, expeditious administration of judgment.' In keeping with these ends, both [Civil] Rules 17(a) and 19 have been construed so as to further the fair and prompt disposition of litigation." Id.

In this case, the assignment shows that Williams possessed the sole right to enforce the judgment against debtor and she exercised that right postpetition by filing the SOJ in the state court. By doing so, Williams no longer claimed an interest in the action. As a result, any concern that debtor would face the risk of incurring double or otherwise inconsistent obligations was alleviated. Accordingly, as debtor argued in the bankruptcy court, it was unnecessary to join Williams in the adversary proceeding after she filed the SOJ.

In sum, taken together, the assignment and the filing of

-15-

the SOJ effectively determined that under the facts alleged in his FAC, Caraway failed to state a claim against debtor for which relief could be granted. Caraway had the opportunity to present controverting evidence regarding the assignment and SOJ but did not do so. As a result, the bankruptcy court properly granted judgment on the pleadings for debtor.

**B.     The Bankruptcy Court Properly Found That Williams'
        Filing of the SOJ Did Not Violate the Automatic Stay**

Caraway contends that the bankruptcy court erred when it found that Williams' filing of the SOJ did not violate § 362(a)(1). Generally, actions taken in violation of the automatic stay are void. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571-72 (9th Cir. 1992).

In support of his argument that a stay violation occurred, Caraway relies heavily on Dean v. Trans World Airlines, 72 F.3d 754 (9th Cir. 1995). Dean addressed the issue of whether the postpetition dismissal of a lawsuit filed prepetition by an airline pilot (Dean) against the debtor/defendant (TWA) violated the automatic stay. 72 F.3d at 755. The court held that "post-filing dismissal in favor of the bankrupt of an action that falls within the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case." Id. at 756. Because the dismissal of Dean's action against TWA required the court to decide whether the law-of-the-case precluded finding TWA liable to Dean, the court found that the dismissal violated the automatic stay.

Dean does not provide support for Caraway's assertion that

-16-

Williams' conduct violated the automatic stay in this case. While the scope of the automatic stay is broad, Williams' filing of the SOJ did not require the court to consider issues presented by or related to the underlying bankruptcy case. Rather, the issues Caraway raised regarding the validity of the assignment and SOJ were between Williams and Caraway — two nondebtor parties.

Moreover, the plain terms of § 362(a)(1) do not apply to these facts. Under § 362(a)(1), the filing of debtor's petition operated as a stay of the "continuation . . . of a judicial . . . or other action or proceeding against the debtor . . . ." The filing of the SOJ did not constitute a "continuation" of a judicial or other action or proceeding against the debtor. It officially recognized the conclusion of the state court proceeding based on satisfaction of the judgment against the debtor. See In re Pettit, 217 F.3d at 1080.

Further, the filing of the SOJ conceivably falls under the Ministerial Act exception to the automatic bankruptcy stay which has been recognized by the Ninth Circuit. Id. at 1076 (adopting the Ministerial Act exception to the automatic stay). "Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding." Id. Williams' filing of the SOJ is similar to the entry of judgment by a court clerk. See Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2nd Cir. 1994) (finding an act of entry of judgment by court clerk was ministerial act that did not violate the stay). Neither act entails deliberation, discretion, or judicial

-17-

involvement. Therefore, the bankruptcy court properly found that Williams' filing of the SOJ was not a violation of the automatic stay.

**C. The Bankruptcy Court Did Not Err By Dismissing Caraway's Claims Against Williams**

Finally, Caraway makes vague assertions regarding the prejudice he will suffer if Williams is not joined in the adversary proceeding and he is not allowed to proceed in the bankruptcy court. Caraway attacks the validity of the assignment itself, alleging that it was illegal. In this regard, Caraway contends that Williams' business is collecting judgments in return for a contingency fee which is a sham or which constitutes the unauthorized practice of law. Caraway fills an entire page of his opening brief with citations to cases from across the country to support his position that he has been the victim of a species of fraud that is widespread.

However, these arguments have little relevance to Civil Rules 17(a) and 19 which apply to the joinder of parties. Here, the bankruptcy court dismissed Caraway's claims against Williams for lack of subject matter jurisdiction, or in the alternative permissive abstention, but nowhere does Caraway argue on appeal why the bankruptcy court's dismissal of Caraway's claims against Williams was in error for either of these reasons. Accordingly, Caraway has waived those arguments on appeal. <u>Wake v. Sedona Inst. (In re Sedona Inst.)</u>, 220 B.R. 74, 76 (9th Cir. BAP 1998).

Even if we were to consider the bankruptcy court's decision to dismiss Caraway's claims against Williams for lack of subject matter jurisdiction, we summarily conclude that such dismissal

-18-

was proper. Caraway's claims for breach of fiduciary duty, fraud and the unauthorized practice of law against Williams all arose under California state law, independent of and prior to debtor's bankruptcy filing.[7] These state law claims between two nondebtor parties could have existed entirely apart from debtor's bankruptcy proceeding and did not depend upon resolution of a substantial question of bankruptcy law.[8] See generally In re Ray, 624 F.3d at 1124. Therefore, the bankruptcy court properly dismissed these claims and was compelled to do so under Ray for lack of jurisdiction.[9] As the dismissal was without prejudice, Caraway may proceed against

---

[7] Although bankruptcy courts "enjoy broad discretion to determine who shall practice before them and to monitor the conduct of those who do," In re Brooms, 447 B.R. at 267, Williams never appeared in the bankruptcy court.

[8] Contrary to Caraway's assertion at oral argument, the bankruptcy court was not called upon to decide which creditor had the right to assert a competing claim against a bankruptcy estate. No bankruptcy estate issues, such as allowance of claims, were presented in the nondischargeability action against debtor.

[9] In the alternative, the bankruptcy court relied upon the doctrine of permissive abstention under 28 U.S.C. § 1334(c)(1) to dismiss the claims. Abstention can exist only where there is a parallel proceeding in state court. Christensen v. Tucson Estates, Inc. (In re Tucson Estates), 912 F.2d 1162, 1167 (9th Cir. 1990) (recognizing as a factor for permissive abstention the presence of a related proceeding commenced in state court or other nonbankruptcy court). The abstention provision is inapplicable to this case because there was no parallel state court proceeding. However, since this was an alternative ground for dismissal, the court's reliance on permissive abstention was harmless error. See Rule 9005 ("Harmless Error") (Civil Rule 61 provides: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

-19-

Williams in the state court.

## VI.   CONCLUSION

For the reasons stated, we AFFIRM.