Howard B. WEISSMAN, Plaintiff–Appellant,

v.

Phillip WEENER, Individually and d/b/a Weener & Associates, Defendants–Appellees.

No. 93–1357.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1993.

Decided Dec. 8, 1993.

---

James A. Payonk, Jr. (argued), Alan J. Bernstein, Bernstein & Payonk, Chicago, IL, for plaintiff-appellant.

Bruce L. Carmen (argued), Thomas P. McGarry, Thomas P. Sukowicz, D. Kendall Griffith, Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and CUMMINGS and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

Howard Weissman owned a fifty percent interest in A.H.L. corporation, which was popularly known as Metro Dodge, an auto-mobile dealership. When A.H.L. ran into financial difficulty, it sought and received a $410,000 loan from First Midwest Bank. But because the faltering corporation lacked sufficient credit to borrow on its own accord, Weissman was required personally to guarantee the business loan.

Unfortunately for A.H.L., its financial difficulties persisted, and Weissman went out looking for another loan. In order to assist him in his search, Weissman contacted Phillip Weener, an attorney. Weener allegedly told Weissman that he could help him get a $360,000 loan from Lane–Aslanien Ltd. A.H.L. paid Weener $5,000 for his role in brokering the loan, and paid $9,000 in fees to Lane–Aslanien. But A.H.L. never received the $360,000 from Lane–Aslanien, and A.H.L. soon thereafter went into bankruptcy.

Weissman brought suit here against Weener, charging malpractice and misrepresentation. The district court noted that if anyone was injured by Weener's alleged wrongs, it was A.H.L. If Weissman suffered any harm, it was only indirectly, in his capacity as a shareholder and guarantor of A.H.L.'s debt. Because Weissman, the named plaintiff, was not the real party in interest, the district court, as Fed.R.Civ.P. 17(a) requires, allowed Weissman an opportunity to cure the defect. When Weissman filed an amended complaint almost three weeks later, in which Weissman personally remained the named plaintiff, the district court dismissed the complaint. Weissman appeals here. Because the district court's analysis was correct in all material respects, we affirm.

■ Rule 17(a) requires that "Every action shall be prosecuted in the name of the real party of interest." In this case Weener raised no objection to the fact that Weissman, rather than A.H.L., was bringing suit. Rather, the district court raised this issue on its own initiative. We therefore first face the threshold question whether the court may raise Rule 17(a) *sua sponte*. The Sixth Circuit, in *Kardo v. Adams,* 231 F. 950 (6th Cir.1916), reversed a district court for raising such an objection on its own motion. "[T]here is no reason why the issue of the capacity of the plaintiff to sue should not be raised by the defendant's answer, if a defen-

dant desires to raise the question." *Id.* at 959. These very concerns were more recently echoed by this court, where we noted that judges should be hesitant to wander too far astray—in their search for the correct legal result—from the arguments presented to them by the parties. Where judges do so, one consequence is "to diminish the responsibility of lawyers and to reduce competition among them." *Hartmann v. Prudential Ins. Co.,* 9 F.3d 1207, 1214, (7th Cir.1993). "Our system unlike that of the Continent is not geared to having judges take over the function of lawyers even when the result would be to rescue clients from their lawyers' mistakes." *Id.* To that end, some courts have found the failure to raise Rule 17(a) in a timely fashion may result in a waiver. *See Whelan v. Abell,* 953 F.2d 663, 672 (D.C.Cir.), *cert. denied sub nom. Tommey v. Whelan,* — U.S. ——, 113 S.Ct. 300, 121 L.Ed.2d 223 (1992); *Goglin & Stelter v. Karn's Auto Imports Inc.,* 886 F.2d 100, 102 (5th Cir.1989), *cert. denied,* 494 U.S. 1031, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990). But all that notwithstanding, we have not found a case since *Kardo* that reversed a trial court's decision to invoke Rule 17(a) *sua sponte,* and we are ultimately persuaded that the "better authority is that the trial judge can raise the objection on his own motion." 3A James W. Moore et al., *Moore's Federal Practice* ¶ 17.-15–1 (2d ed. 1992). And in any event, in not objecting to the district court's raising the Rule 17(a) issue *sua sponte,* Weissman has waived the waiver issue. *See Hamilton v. Komatsu Dresser Industries, Inc.,* 964 F.2d 600, 603 n. 1 (7th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992).

■ We agree with the district court that A.H.L., not Weissman, is the real party in interest here. A.H.L. needed a loan, and hired Weener to serve as a loan broker. It is alleged that as a result of Weener's misrepresentations and malpractice, A.H.L. was injured. If Weissman's claims are true (which, in reviewing the dismissal of a complaint, we must assume they are) then he also suffered. A.H.L. went bankrupt, and Weissman, as an A.H.L. shareholder, lost his investment in the corporation. He was also a guarantor of A.H.L.'s previous debt (the loan from First Midwest Bank), and may eventually be called upon to make good on that guarantee.

■ But because Weissman's injuries are all derivative—they derive from the fact that A.H.L. suffered a loss—he is not the real party in interest, and therefore cannot maintain an action in his own name. The rule is similar to, though distinct from, the requirement that the plaintiff have standing to sue, in that both standing and real party in interest "are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." 6A Charles Alan Miller et al., *Federal Practice and Procedure* § 1542 (2d ed. 1990).

Thus, our analysis in *Mid–State Fertilizer Co. v. Exchange Nat'l Bank of Chicago,* 877 F.2d 1333 (7th Cir.1989), a case that dealt with similar facts, though in the standing context, is informative here. We noted there the important purpose served by the rule denying standing to sue to those who suffer only derivative injury. "When the injury is derivative, recovery by the indirectly injured person is a form of double counting. 'Corporation' is but a collective noun for real people—investors, employees, suppliers with rights and others." *Id.* at 1335–36.

> A blow that costs "the firm" $100 injures one or more of those persons. If, however, we allow the corporation to litigate in its own name and collect the whole sum (as we do), we must exclude attempts by the participants in the venture to recover for their individual injuries. A fire that causes $100 worth of damage to "the corporation", and therefore reduces the value of investors' stock by $100, does not cause a total injury of $200—the net loss is $100, and everyone is made whole by an award of that sum to the firm. To avoid double counting courts must either restrict recoveries to the directly-injured party or attempt to apportion the recovery according to who bears the effects.

*Id.* at 1336. Because divvying up the loss would require a Herculean effort, we simply allow the firm to recover. Once the firm is made whole, the derivative victims are by the same token compensated. Moreover, requiring the corporation to sue is especially impor-

tant in a case—like this one—where the firm is in bankruptcy. "Suits by shareholders, guarantors, and the like may well be efforts to divert the debtor's assets" by taking money that belongs to the estate of the bankrupt corporation (and therefore to its creditors) and directing it to the shareholders or guarantors. *Id.*

It is thus beyond cavil that Weissman is not entitled, merely by virtue of being a shareholder of A.H.L., to sue Weener for the wrongs he allegedly committed against the corporation. But Weissman contends that the fact that he is the guarantor on A.H.L.'s debt makes his injury more direct. In fact, precisely the opposite is true. As we explained in *Mid–State,* the shareholders are most directly affected by injury inflicted on the corporation, since their investment is wiped out. Second come creditors, who end up holding the bag if the corporation cannot pay the money it owes them. Guarantors are only contingent creditors. Under a guarantee, a creditor is permitted to seek recourse against a guarantor. If that occurs, the guarantor is then subrogated to the rights of the creditor, having an unpaid claim against the corporation. *Id.*

That is exactly the situation here. First Midwest Bank is a creditor of A.H.L. Under the terms of the guarantee, First Midwest may be permitted to pursue Weissman as a guarantor of that debt. But should this occur (which, we repeat, has not even happened yet, suggesting that even if Weissman could sue for this injury the suit would not yet be ripe), Weissman simply replaces First Midwest Bank as a creditor of A.H.L. In any event, all of this is sufficiently remote from the injury that Weener allegedly inflicted on A.H.L. to make clear that the harm Weissman suffers in his capacity as guarantor is derivative rather than direct, and that he therefore is not the real party in interest.

Weissman relies on the concurring opinion in *Mid–State Fertilizer,* where Judge Ripple suggested that guarantors of close corporations may have standing to sue under RICO or the Bank Holding Company Act where the bank imposes conditions directly on the guarantor. But even if this is correct (a question which we surely have no occasion to reach), it is inapplicable here. First, that discussion may be limited to the standing analysis, and not translate to real party in interest. Second, Judge Ripple was addressing whether the plaintiff in *Mid–State Fertilizer* had standing to sue the bank who was trying to collect on the guarantee. That situation is obviously different than the one here, where Weissman is suing not the bank but rather the third party whose alleged wrongdoing is said to have driven the corporation into bankruptcy. But even if Judge Ripple's analysis in *Mid–State Fertilizer* were applicable, Weissman does not allege that the bank imposed any conditions on him, other than that he promise to make good on A.H.L.'s debt. That condition, of course, is imposed on every guarantor, and cannot be what Judge Ripple meant by a "condition[ ] imposed directly by the bank on the guarantor." *Id.* at 1340 (Ripple, J. concurring).

The district court thus correctly found that Weissman was not the real party in interest. When the plaintiff failed to cure this defect, after being given a reasonable amount of time to do so, the court properly dismissed the action. The judgment of the district court is therefore AFFIRMED.