**In re Kermit Douglas BROOMS, Debtor.**

**Brian M. Carter, individually and d/b/a Discovery Judgment Recovery, Appellant,**

v.

**Kermit Douglas Brooms, Appellee.**

BAP No. NC–10–1117–KiSaH.

Adversary No. 09–04584.

Bankruptcy No. 09–49461.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 20, 2010.

Decided Jan. 18, 2011.

Brian M. Carter, San Francisco, CA, appeared pro se.

Kermit Douglas Brooms appeared pro se.

Before: KIRSCHER, SALTZMAN,[1] and HOLLOWELL, Bankruptcy Judges.

**OPINION**

KIRSCHER, Bankruptcy Judge.

Creditor–Appellant, Brian M. Carter ("Carter"), individually and doing business

as Discovery Judgment Recovery ("DJR"),[2] appeals a judgment from the bankruptcy court ordering that a prepetition debt arising from a state court judgment owed by debtor Kermit Douglas Brooms ("Brooms") to assignee Carter, or to Carter's assignor, Erika Jorgenson ("Jorgenson"), was discharged due to Carter's willful failure to comply with two bankruptcy court orders. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The State Court Action.

In January 2006, Robert DeMaio ("DeMaio") approached Jorgenson, a retired mortgage broker, for a loan to fund construction of a Mexican restaurant in Las Vegas, Nevada (the "Restaurant"). The Restaurant was the first in what was intended to be a chain of franchised Mexican casual restaurants called Freshican's Mexican Grill. It was scheduled to open in August 2006. DeMaio and Brooms were the primary shareholders of Freshican's Inc. Jorgenson agreed to loan the funds. In March 2006, Jorgenson and Brooms entered into a promissory note whereby Brooms borrowed $213,000 from Jorgenson and agreed to repay her the balance plus monthly interest-only payments at 10%. The note was secured by a deed of trust on Brooms's property located in Nevada. Brooms failed to make any of the interest-only payments due under the note.

Shortly thereafter, DeMaio approached Jorgenson for additional funds needed to procure kitchen equipment for the Restaurant because Freshican's had bounced a check to the supplier. Jorgenson agreed

1. The Hon. Deborah J. Saltzman, Bankruptcy Judge for the Central District of California, sitting by designation.

2. DJR is a sole-proprietorship owned solely by Carter. For purposes of this appeal, references to Carter includes DJR.

to pay the supplier for the equipment. On May 23, 2006, Jorgenson entered into a "Loan Agreement" with Freshican's Inc., which stated that Jorgenson was lending to Freshican's a total of $423,000; Jorgenson had loaned $268,000 directly to Freshican's, and she paid $155,000 directly to the equipment supplier. Monthly interest-only payments at a rate of 10% were to commence on June 1, 2006, and the total loan amount was due on September 1, 2006. Jorgenson was to hold title to the restaurant equipment as well as pay the supplier an additional $32,000 when needed. As security for the additional loans, Brooms granted Jorgenson another deed of trust against his property in Nevada in the amount of $185,000. For further consideration for the loans, Jorgenson was to receive a 5% equity interest in Freshican's Inc. in the form of common stock. However, the parties dispute whether Jorgenson's 5% interest was merely granted as consideration for the loan or whether Jorgenson was "purchasing" the security. No payments were made to Jorgenson on the Loan Agreement and Freshican's Mexican Grill never came to fruition.

On November 22, 2006, Jorgenson filed suit against DeMaio, Brooms, and Freshican's Inc. in Nevada state court for breach of contract, breach of fiduciary duty, conversion, and intentional misrepresentation ("Nevada Case").

Prior to trial, on July 13, 2007, the parties executed a Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"). Defendants DeMaio, Brooms, and Freshican's agreed to pay Jorgenson $525,000 with the first of a series of payments to Jorgenson to commence on July 20, 2007. The parties stipulated under the Settlement Agreement that it did not constitute an admission of liability. If the defendants defaulted under the Settlement Agreement, Jorgenson was authorized to file the executed Stipulation and Confession of Judgment.

The defendants immediately defaulted under the Settlement Agreement. Jorgenson filed the Stipulated Judgment against DeMaio, Brooms, and Freshican's Inc. in the Nevada state court on August 3, 2007 (the "Judgment"). The Judgment was domesticated in California the following month.

In June 2008, Jorgenson assigned the Judgment to Carter, and Carter filed the notarized Acknowledgment of Assignment of Judgment in the Superior Court of California, County of Santa Clara ("Acknowledgment of Assignment"). Effectively, Carter was the assignee of record for the Judgment and judgment creditor of all of the defendants and judgment debtors in the Nevada Case, including Brooms. Brooms never made any payments on the Judgment. He filed a chapter 7 petition on October 7, 2009.[3]

## B. The Adversary Proceeding.

Carter filed an adversary complaint against Brooms on December 18, 2009, to determine the debt of the Judgment nondischargeable under section 523(a)(19) (violation of state or federal securities laws, or fraud in connection with the purchase or sale of a security).

The bankruptcy court held an initial status conference on February 8, 2010. Carter conceded that he was not an attorney, but asserted that he was the assignee of the Judgment and was appearing pro se. The court then asked Carter how much he paid for the assignment, but before Carter

---

**3.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

could answer, the court asked whether it was a "couple of dollars, same as Judge Jaroslovsky's court?" Carter started to say, "Yeah," but then the court stated, "Yeah, I think I'm probably going to dismiss this case. You're not an attorney." The court orally ordered Carter to file any documents that disclosed the terms of the assignment so it could determine whether Carter was the real party in interest and what amount of consideration, if any, he paid for the assignment. If Carter had paid only a couple of dollars for it, then the court was going to dismiss the case. Further, the court believed that Carter was not the real party in interest. An order was issued on February 10, 2010 ("February 10 Order"), directing Carter to file the required assignment documents by no later than February 20, 2010. The February 10 Order warned that Carter's failure to comply "shall result in dismissal of this proceeding, with prejudice."

Carter timely filed a response. He submitted a copy of the filed Acknowledgment of Assignment. In addition, Carter filed a declaration and "Supplemental Brief" contending that he was not required to disclose the consideration paid to Jorgenson for the assignment and that even a lack of consideration did not defeat his ability, as assignee, to sue on the Judgment in his own name and recover against Brooms. Carter also contended that he had a statutory right to pursue his claim as a pro se litigant.

In response to Carter's filing, on March 4, 2010, the bankruptcy court issued a decision expressing its concern over Carter's failure to fully comply with the February 10 Order, which left the court unable to determine whether Carter was or was not the real party in interest under Rule 7017, whether Carter was engaging in the unauthorized practice of law, or whether the assignment was nothing more than a device to thwart 28 U.S.C. § 1654 and the rules of the court. Specifically, the court reasoned that if Jorgenson retained any interest in the assigned Judgment, Carter was precluded from representing her since he is not an attorney. The court contemporaneously issued an order consistent with its decision ("March 4 Order"), which stated that within 20 days Carter had to either: (1) appear in the adversary by legal counsel; or (2) comply with the court's February 10 Order by filing: (a) the "Agreement for Assignment" mentioned in paragraph 9 of the Acknowledgment of Assignment;[4] (b) all other documents required in the February 10 Order; and (c) if not included in the text of those documents, any other documents disclosing whether and to what extent Carter's assignor Jorgenson retained any interest in the assigned Judgment or any recovery by Carter thereon. If Carter failed to timely and fully comply with the March 4 Order, the court warned that it might dismiss the adversary proceeding with prejudice, or enter judgment against Carter on the merits, pursuant to Fed.R.Civ.P. 16(f)(1)(C) and 37(b)(2)(A)(ii)-(vii) ("FRCP").

Carter failed to comply with the March 4 Order—ignoring it completely. On March 26, 2010, the bankruptcy court en-

---

4. Paragraph 9 of the Acknowledgment of Assignment states in relevant part: "Plaintiff Jorgenson hereby withdraws all right and claim to [the Judgment], in accordance with the terms and conditions of a certain Agreement for Assignment between ERIKA JORGENSON, as Assignor and DISCOVERY JUDGMENT RECOVERY as Assignee, dated June 12, 2008, of which this Acknowledgment is part thereof...."

The bankruptcy court ordered Carter to file a copy of the "Agreement for Assignment" to determine what interest, if any, Jorgenson had in any potential Judgement proceeds since the Acknowledgment of Assignment did not disclose the actual assignment terms.

tered a judgment against Carter due to his willful failure to comply with both the February 10 Order and the March 4 Order and ordered that any of Brooms's prepetition debts to Carter or to assignor Jorgenson were discharged. Carter timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) and 1334. We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err when it ordered Carter to produce the Agreement of Assignment and any other documents reflecting the assignment terms between Carter and Jorgenson?

2. Did the bankruptcy court abuse its discretion when it entered judgment in favor of Brooms for Carter's willful failure to comply with the February 10 Order and the March 4 Order?

## IV. STANDARD OF REVIEW

The bankruptcy court's application of the rules of procedure is reviewed de novo. *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 550 (9th Cir. BAP 2002). Whether disclosure of consideration paid by an assignee can be required as a condition of allowing the assignee's claim is a question of law we review de novo. *Resurgent Capital Servs. v. Burnett (In re Burnett)*, 306 B.R. 313, 316 (9th Cir. BAP 2004).

We review the bankruptcy court's imposition of sanctions for failure to comply with pretrial orders for abuse of discretion. *Senra v. Cunningham*, 9 F.3d 168, 171 (1st Cir.1993); *Culwell v. City of Fort Worth*, 468 F.3d 868, 870 (5th Cir. 2006); *Sosa v. Airprint Sys., Inc.*, 133

F.3d 1417, 1418 (11th Cir.1998). We follow a two-part test to determine whether the bankruptcy court abused its discretion. *U.S. v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir.2009). First, we determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested. *Id.* If it did, we next determine whether the bankruptcy court's application of the correct legal standard to the evidence presented was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* at 1262. If any of these three apply, we may conclude that the court abused its discretion by making a clearly erroneous finding of fact.

## V. DISCUSSION

**A. The Bankruptcy Court Erred When It Determined That Carter May Not Be The Real Party In Interest And That Consideration Was Required For The Assignment, But Did Not Err When It Ordered Carter To Produce Documents Reflecting The Terms Of The Assignment Between Carter And Jorgenson.**

On appeal, Carter contends that as the assignee of the Judgment he is the real party in interest and the bankruptcy court erred by not acknowledging that fact. Carter further contends that the bankruptcy court erred in requiring him to disclose the consideration paid for the assignment since consideration is of no relevance. Finally, Carter contends that the bankruptcy court cited no legal authority for the proposition that it could review the Agreement of Assignment, and until it does, he is not required to comply with such an arbitrary, capricious, and irrelevant order.

FRCP 17(a), incorporated into Rule 7017 and applicable in adversary proceedings, provides that every action must

be prosecuted in the name of the real party in interest. The trial court may raise an objection sua sponte that the prosecuting party is not the real party in interest. *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir.1993)(citing 3A James Wm. Moore et al., *Moore's Federal Practice* ¶ 17.15–1 (2d ed. 1992)); *see Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093–94 (9th Cir.2004). "This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced. Such a requirement is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.' " *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.,* 88 F.3d 563, 568–69 (8th Cir.1996)(quoting FRCP 17(a), Advisory Committee Note); *Pac. Coast Agric. Exp. Ass'n v. Sunkist Growers, Inc.,* 526 F.2d 1196, 1208 (9th Cir.1975).

 In an action involving an assignment, a court must ensure that the plaintiff-assignee is the real party in interest with regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been made. 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 1545 (3d ed. 2010). In order to determine whether a valid assignment has been made, a court must turn to the substantive state law governing the assignability of the action at issue. *Id.*

 Under California law, a judgment creditor may assign a judgment to a third person. Cal. Civ.Code § 954. "In doing so, the judgment creditor assigns the debt upon which the judgment is based.... Through such an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the as-

signor for the enforcement of the debt, subject, however, to the defenses that the judgment debtor had against the assignor." *Great W. Bank v. Kong,* 90 Cal. App.4th 28, 108 Cal.Rptr.2d 266, 268 (2001)(internal citations omitted). An assignment carries the legal title to the judgment; "the transfer of the title does not depend upon the fact of there being a valuable consideration." *Curtin v. Kowalsky,* 145 Cal. 431, 78 P. 962, 963 (1904).

 Furthermore, under federal law, assignees of claims generally have standing to prosecute objections to the dischargeability of particular debts. *Boyajian v. New Falls Corp. (In re Boyajian),* 564 F.3d 1088, 1091 (9th Cir.2009). And for collection purposes, the assignee who holds legal title to the debt according to substantive law is the real party in interest, even though the assignee must account to the assignor for whatever is recovered in the action. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.,* 554 U.S. 269, 284–85, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008).

In response to the February 10 Order, Carter submitted a copy of the Acknowledgment of Assignment, executed pursuant to Cal. Civ. Proc. § 673, but failed to submit, as ordered, the Agreement of Assignment and any documents reflecting the assignment terms, and he did not disclose the consideration he paid, if any, for the assignment. He again did not provide the required assignment documents or disclose the consideration paid when ordered to do so in the March 4 Order.

 Despite the bankruptcy court's belief that Carter may not be the real party in interest as assignee, based on the authority above and the properly executed Acknowledgment of Assignment, Carter is the real party in interest whether or not Jorgenson retained an interest in the

Judgment or any potential recovery. Both California law and federal law are clear on this issue, and the bankruptcy court erred in questioning Carter's standing as assignee to pursue collection of the Judgment against Brooms. The bankruptcy court also erred when it conditioned Carter's adversary proceeding against Brooms on whether and/or how much consideration he paid Jorgenson for the assignment. Under California law, a valid assignment of a judgment does not depend upon there being consideration. *Curtin,* 78 P. at 963. Therefore, the bankruptcy court could not require as a condition for allowing Carter's claim the amount of consideration he paid for it, or whether he paid any consideration at all. *Burnett,* 306 B.R. at 319.

■ However, the bankruptcy court's errors were harmless in this instance because consideration (or lack thereof) was not the only, or even primary, reason the court entered judgment in favor of Brooms, despite its earlier statements at the February 8 status conference that it would dismiss the case if Carter only paid "a couple of dollars" for the assignment. In its March 4 decision, the bankruptcy court reasoned that without seeing a copy of the Agreement of Assignment or any other documents reflecting the assignment terms, it was unable to determine not only whether Carter was the real party in interest, but whether he was the *only* real party in interest. If Jorgenson retained any interest in the Judgment or any recovery thereon, then Carter was engaging in the unauthorized practice of law by representing another party when he is not a licensed attorney. In other words, Carter and Jorgenson could share an interest in the Judgment or any recovery, but they had to be represented by counsel in pursuing the action.

Title 28 of the United States Code § 1654 provides that: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Civil Local Rule 3–9 for the Northern District of California states:

> Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

■ However, "although a non-attorney may appear in *propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987). "He has no authority to appear as an attorney for others than himself." *Id.* As a district court noted in a similar case:

> Further, Assignee's actions may also be considered to be the unlawful practice of law. Under the terms of the assignments, Assignee promises to share the proceeds of his recovery with the assigning subcontractors. Accordingly, he is still acting in a representative capacity to some extent and not exclusively on his own behalf. It is well established that although a natural person may represent himself or herself in court, a business entity must be represented by counsel.

*Adams v. Thomas (In re Thomas),* 387 B.R. 808, 815 (D.Colo.2008). While Jorgenson is not a corporation, as Carter repeatedly reminds us, this is irrelevant. No matter what sort of entity Jorgenson is, Carter is prohibited from representing her. *C.E. Pope,* 818 F.2d at 697.

■ Courts enjoy broad discretion to determine who shall practice before them and to monitor the conduct of those who do. *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir.1976), *cert. den.* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556; *Robinson v. Boeing Co.*, 79 F.3d 1053, 1055 (11th Cir.1996); *In re Heal*, 2009 WL 4510128 at *1 (Bankr.N.D.Cal.2009)("Each federal court has broad discretion to determine who practices before it, and is not bound by state law in making the determination." (citing *C.E. Pope* and *Dinitz* )).[5]

Accordingly, the bankruptcy court acted within its discretion in ordering Carter to produce the Agreement of Assignment and any other documents reflecting the assignment terms between the parties so it could determine whether Carter was engaging in the unauthorized practice of law.

**B. The Bankruptcy Court Did Not Abuse Its Discretion When It Entered Judgment In Favor Of Brooms Due To Carter's Willful Failure To Comply With Two Pretrial Orders.**

■ FRCP 16(f), incorporated into Rule 7016, authorizes the court to impose sanctions against a party for, inter alia, failure to obey a scheduling or pretrial order. Authorized sanctions include dismissal or entry of a default judgment against the disobedient party.[6] FRCP 37(b)(2)(A)(v)-(vi), incorporated into Rule 7037.

Carter contends that he did not have to produce the Agreement of Assignment, and the bankruptcy court abused its discretion in dismissing his adversary complaint under Rule 7016 for failing to do so.[7] He offers no argument as to how the bankruptcy court abused its discretion in applying Rule 7016. We have already determined that the bankruptcy court acted well within its discretion in ordering Carter to produce the Agreement of Assignment, along with any other relevant assignment documents. Nonetheless, due to his pro se status, we review the record to determine whether the bankruptcy court abused its discretion when it entered judgment in favor of Brooms. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

■ Carter's argument fails. Trial judges enjoy great latitude in carrying out case-management functions. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir.1993). "When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take." *Id.* A court is within its sound discretion to dismiss a case for a party's failure to obey pretrial orders.

5. Prior to oral argument, Carter filed a motion requesting that we take judicial notice of a similar unpublished BAP decision entitled *Bulmer v. Heal (In re Heal)*, BAP No. NC–09–1402–MkHDu, issued on June 22, 2010. While we agree with the general holding about assignments in that case, it has no bearing on the narrow issues here—whether Carter is free to disregard valid court orders and whether non-attorney Carter can represent another party's interest.

6. FRCP 16(f)(1)(C) states in relevant part:

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."

7. At oral argument, Carter asserted that he offered to produce the Agreement of Assignment (or any other relevant assignment documents) for in camera review, which the bankruptcy court allegedly rejected. We see nothing about this anywhere in Carter's papers, the court's written orders or decision, or the February 8, 2010 hearing transcript.

*Robson v. Hallenbeck,* 81 F.3d 1, 2 (1st Cir.1996).

Here, Carter was ordered on February 10 to produce the Agreement of Assignment and any other documents that reflected the terms of the assignment. The bankruptcy court warned Carter in the February 10 Order that failure to comply "shall result in dismissal of this proceeding, with prejudice." Instead of complying with the valid request in the February 10 Order, Carter spent hours drafting a declaration and brief telling the bankruptcy court why he thought he did not have to produce it. Carter was ordered a second time on March 4 to produce the Agreement of Assignment and other relevant assignment documents within 20 days. Again, Carter was warned that noncompliance could result in dismissal with prejudice or entry of judgment for Brooms. Carter ignored the March 4 Order completely.

■ "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose ... submission to their lawful mandates. These powers are governed ... by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)(internal citations omitted). An attorney or pro se litigant who believes a court order is erroneous is not relieved of the duty to obey it. *Malone v. USPS,* 833 F.2d 128, 133 (9th Cir.1987).

While entering judgment in favor of Brooms may seem harsh and the bankruptcy court could have considered a lesser sanction, given the validity of the court's request, its multiple warnings of dismissal with prejudice or entry of judgment for noncompliance, and Carter's willful disregard for the court's orders and

contumacious attitude, we believe that the bankruptcy court did not abuse its discretion when it entered judgment in favor of Brooms. *Id.* With the potential fatal defect of non-attorney Carter representing another party's interest and his obvious resistance to hiring counsel, there was no point in allowing the case to proceed.

## VI. CONCLUSION

Based on the foregoing reasons, we AFFIRM.