In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3059

ANNE M. SPAINE,

*Plaintiff-Appellant*,

*v.*

COMMUNITY CONTACTS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 5304 — **Virginia M. Kendall**, *Judge.*

SUBMITTED APRIL 17, 2014[*] — DECIDED JUNE 24, 2014

Before FLAUM, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal presents a recurring issue that can arise when a debtor files for bankruptcy protection without disclosing a contingent claim, such as an employment discrimination lawsuit, and later seeks to correct the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

failure to disclose the claim. In this case, the defendant-employer moved for summary judgment. It argued that the plaintiff should be judicially estopped from pursuing her employment discrimination case because she had failed to list it in the schedules of her bankruptcy petition. The plaintiff then sought and obtained leave to reopen her bankruptcy case to amend her disclosures to include the employment discrimination claim. The district court granted the employer's motion, finding that the plaintiff had intended to conceal the claim and tried to correct her failure only after her omission had been caught.

If the facts were as described by the district court, we would affirm. But the district court's decision did not account for the plaintiff's testimony that she orally disclosed the employment discrimination claim to the bankruptcy court long before the employer filed its motion for summary judgment in this case. In light of this evidence, plaintiff's intent is genuinely in dispute. We reverse the grant of summary judgment.

I.  *Facts for Purposes of Summary Judgment*

As required under Federal Rule of Civil Procedure 56(a), we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving her the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in her favor. E.g., *Perez v. Thorntons, Inc.*, 731 F.3d 699, 703 (7th Cir. 2013). Plaintiff Anne Spaine worked for defendant Community Contacts as a seasonal employee from 2008 until 2011. She helped low-income and disabled persons register for state and federal housing assistance.

Throughout her employment, Spaine alleges, she was harassed and unfairly disciplined because of her race. She alleges she was told when her seasonal employment ended in 2011 that instead of being reinstated automatically as in past years, she would have to reapply for employment the next year. Spaine interpreted this to mean she had been fired. In July 2012, Spaine filed this suit against Community Contacts under 42 U.S.C. § 1981 alleging that she was harassed and eventually fired because she is African American.

Spaine had previously filed for bankruptcy protection in 2010, but that petition had been dismissed without a discharge of debts because Spaine had failed to pay the filing fee. In November 2012, four months after filing her complaint against Community Contacts, Spaine filed a new petition for protection under Chapter 7 of the bankruptcy code. Spaine was represented by counsel in this action against Community Contacts, but she was proceeding without a lawyer in the bankruptcy case.

On her schedule of personal property for the 2012 bankruptcy case, Spaine was required to list "contingent and unliquidated claims of every nature." She listed nothing. In the separate 2012 statement of financial affairs, Spaine was required to list lawsuits to which she was party within the preceding year. She listed two eviction suits that came after her 2010 bankruptcy but did not list her suit against Community Contacts. Spaine filed those schedules with the bankruptcy court on November 5, 2012. The meeting of creditors was held about five weeks later. See 11 U.S.C. § 341.

Spaine's affidavit in opposition to Community Contacts' motion for summary judgment stated: "During the course of the 2012 (re-filed) Chapter 7 Bankruptcy filing, I discussed with [Bankruptcy] Judge Black the fact that I had a pending Civil claim as to Community Contacts, Inc." Her affidavit also said (a) that she did not hide this pending claim from the bankruptcy court or the bankruptcy trustee, and (b) that she was not told by the bankruptcy court of any need to amend her schedules listing assets.

Complicating the factual picture, Spaine has included in her appellate appendix a partial transcript of the meeting of creditors on December 12, 2012. The transcript shows that Spaine told the bankruptcy trustee about her lawsuit against Community Contacts, and that she did so at the very first opportunity after filing her incomplete Chapter 7 schedules of assets with the petition itself. Community Contacts urges us to disregard this transcript because it was not part of the record before the district court.

The status of this transcript is troublesome. On one hand, we have said that we may take judicial notice of publicly available records of court proceedings, see *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013); *United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990), including even records unavailable or not presented to the district court at summary judgment, see *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1128 n.2 (7th Cir. 2012); *Driebel v. City of Milwaukee*, 298 F.3d 622, 630 n.2 (7th Cir. 2002). On the other hand, Federal Rule of Civil Procedure 56(c)(1)(A) requires a party seeking or opposing summary judgment to cite "particular parts of materials in the record," and we have held that

deposition transcripts filed in a separate civil action are not made part of the record in a different case merely because they can be accessed easily using modern electronic dockets. *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 978–79 (7th Cir. 2014).

Further, and as a general rule of course, we should reverse a district court's decision on the basis of evidence or arguments not presented to the district court only in highly unusual and compelling circumstances. See, e.g., *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720–21 (7th Cir. 2008) ("it is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal," but noting limited exceptions for jurisdictional questions and exceptional cases where "justice demands more flexibility"); *Boyers v. Texaco Refining and Marketing, Inc.*, 848 F.2d 809, 812 (7th Cir. 1988) (noting that requirement "maintains the efficiency, fairness, and integrity of the judicial system for all parties"); *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983) (noting general rule but issuing injunction against further frivolous litigation by taking judicial notice of other federal court records); see also, e.g., *Perry v. City of Chicago*, 733 F.3d 248, 253–54 (7th Cir. 2013) (declining to find "plain error" in civil case); *Jimenez v. City of Chicago*, 732 F.3d 710, 720 (7th Cir. 2013) (same); *Stringel v. Methodist Hospital of Indiana, Inc.*, 89 F.3d 415, 421 (7th Cir. 1996) (same).

In this case, the transcript seems to clarify and perhaps to correct Spaine's affidavit. Perhaps she told the trustee instead of the bankruptcy judge; perhaps she told both. Ultimately, though, we do not rely on the transcript in this appeal. As we explain below, Spaine's affidavit saying that she told the court

about the claim against Community Contacts and was never told of any need to correct or amend her bankruptcy schedules is sufficient to create a genuine issue of material fact. The transcript will be available for use as evidence on remand.

In any event, after the creditors meeting the trustee concluded that Spaine's bankruptcy was a "no asset" case, and on February 12, 2013, she received a general discharge of her unsecured debts. Soon after that discharge, the bankruptcy trustee wrote to Spaine's lawyer in this case about this claim against Community Contacts and its possible value as an asset. The two then spoke, and the trustee said he was not reopening the bankruptcy case or making any claim for any assets that might result from the case. He told Spaine's lawyer he did not need to report further on the matter.

On March 21, 2013, Spaine wrote the trustee, with a copy to the bankruptcy judge, asking the trustee to classify her claims against Community Contacts as exempt property and asserting that she would need any potential recovery for living expenses. See 11 U.S.C. § 522(d)(11)(E). In her letter, Spaine expressed the mistaken view that she had a constitutional right to discharge of her debts without "sacrificing" compensation for her wrongful termination.

On May 3, 2013, Community Contacts moved for summary judgment. The motion did not contest the suit on the merits but argued only that Spaine either lacked standing or should be judicially estopped from pursuing her claims of employment discrimination because she had concealed those claims from the bankruptcy court. About two weeks after Community Contacts filed its motion, Spaine asked the bankruptcy court to

reopen her bankruptcy case so that she could amend her list of assets to add her claims against Community Contacts. The bankruptcy court allowed the amendment.

II.  *Standing/Real Party in Interest*

Community Contacts argued in the district court that Spaine lacked standing to assert her claims because they had become the property of her bankruptcy estate. Such issues are addressed sometimes in terms of standing, sometimes in terms of the real party in interest, and sometimes in terms of both. See, e.g., *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (standing); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (both); see also *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993) (noting close relationship and distinctions between standing and real-party-in-interest doctrines). The relationship and distinctions were described well in *Hernandez v. Forest Preserve Dist. of Cook County*, 2010 WL 1292499, at *2–3 (N.D. Ill. March 29, 2010) (Dow, J.), and *Guynn v. Potter*, 2002 WL 243626, at *4–5 (S.D. Ind. Jan. 25, 2002) (Tinder, J.).

Because standing implicates subject matter jurisdiction, we address the question without being prompted by the parties. The district court correctly found that Spaine has standing to continue her suit against Community Contacts. The bankruptcy case had been reopened and then closed again after the trustee undoubtedly knew about the civil case. That sequence of events indicated that the trustee had abandoned the lawsuit as property of the Chapter 7 estate, so the property reverted to the debtor, plaintiff Spaine. See 11 U.S.C. § 554(c); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); *Biesek*, 440 F.3d

at 413; *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002).

III.   *Judicial Estoppel*

Although Spaine has standing, the district court found that the evidence raised an inference that Spaine had omitted the lawsuit from her bankruptcy schedules to hide the potential recovery from her creditors. On that basis, the court explained, it would exercise its discretion and find Spaine judicially estopped from pursuing the lawsuit. The court's order did not mention, however, Spaine's testimony that she had disclosed the lawsuit against Community Contacts during the bankruptcy case.

The doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions. See *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013) (affirming application of judicial estoppel); *Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011). Manipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts. See *Cannon-Stokes*, 453 F.3d at 448.

Viewing the summary judgment record in the light reasonably most favorable to plaintiff Spaine, judicial estoppel does not apply here. Spaine's affidavit testimony that she had disclosed her lawsuit against Community Contacts during the bankruptcy case is material. Without considering the creditors

meeting transcript submitted on appeal, her testimony on this point is not even disputed. Spaine's disclosure made the trustee aware of the litigation, and the trustee made a decision about its value to her creditors. That testimony protects Spaine from an inference on summary judgment that she deliberately concealed her claim from the bankruptcy trustee and her creditors.

Community Contacts suggests that it was somehow harmed by Spaine's incomplete Chapter 7 schedules. That view misunderstands the reasons for applying judicial estoppel in *Cannon-Stokes* and similar cases. Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception and manipulation. Judicial estoppel is an equitable doctrine intended to "induce[ ] debtors to be truthful in their bankruptcy filings." 453 F.3d at 448. Again, though, the evidence in this case shows nothing more than incomplete schedules that were timely corrected through an oral disclosure. That evidence certainly does not compel an inference of deceit on Spaine's part. See *Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 272–73 (9th Cir. 2013) (explaining that presumption of deceit does not arise if debtor corrects omissions from bankruptcy schedules in manner that permits bankruptcy court to assess case "with the full and correct information"); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 364 (3d Cir. 1996) ("policy considerations militate against adopting a rule that the requisite intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding").

Spaine's creditors were not and could not have been injured by incomplete Chapter 7 schedules that were orally corrected

before Spaine received a discharge. That's why her case is different from *Cannon-Stokes*. See also *Stephenson v. Malloy*, 700 F.3d 265, 275 (6th Cir. 2012) (judicial estoppel not applicable where debtor omitted claim from bankruptcy schedules but orally disclosed claim to trustee); *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 898 & n.1 (6th Cir. 2004) (same).

Spaine's situation is also unlike *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004), and *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151 (10th Cir. 2007), which the defendant cites as support for its contention that Spaine's incomplete schedules should be deemed abusive. In both of those cases the Chapter 7 debtors engaged in affirmative misrepresentations. The debtors in *Superior Crewboats* misinformed their creditors that a personal injury lawsuit was barred by the statute of limitations and thus worthless. 374 F.3d at 333 & n.1. The debtor's conduct in *Eastman* was even more egregious. He petitioned for bankruptcy relief about nine months after filing a personal injury suit. When the trustee asked directly whether the debtor had a pending personal injury lawsuit, he said no. 493 F.3d at 1153. The evidence in this case, by contrast, is limited to an omission followed by a truthful oral disclosure by Spaine, not misrepresentations.

The district court wrote that it would not be appropriate to allow Spaine to go forward with this case based on her reopened and amended bankruptcy. The court reasoned that such a ruling would encourage debtors to conceal assets as long as possible and then, if the omission is caught, to retreat and make a quick correction. See *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3d

Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).

If there were undisputed evidence that Spaine intentionally concealed her claim, we would agree. As noted above, though, the district court overlooked Spaine's testimony about her oral disclosure during the bankruptcy. Honest mistakes and oversights are not unheard of. That's one reason why trustees meet with debtors. The disclosures in the initial filings are not necessarily final on this issue. The bankruptcy code explicitly provides for further investigation into the debtor's financial affairs, 11 U.S.C. §§ 341, 704(a)(4), and contemplates amendments to a debtor's initial schedules, *id.* § 350(b); Fed. R. Bankr. P. 1009(a); see also *In re Waldron*, 536 F.3d 1239, 1245 (11th Cir. 2008) (Federal Rules of Bankruptcy Procedure "complement the continuing duty to disclose"). That's all the record in this case indicates, at least as a matter of law: incomplete schedules cured by an oral disclosure that permitted the trustee to assess and ultimately decide to abandon Spaine's claims against the defendant.

That is not to say that Spaine's oral disclosure of the lawsuit would necessarily foreclose use of judicial estoppel if Community Contacts could prove that Spaine's omission, though later cured, was an intentional effort to conceal an asset from her creditors. See *Ah Quin*, 733 F.3d at 276–79; *Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006); *Ryan Operations*, 81 F.3d at 364–65. But on summary judgment, Community Contacts made no effort to establish that Spaine had filed incomplete schedules with the subjective intent to conceal her lawsuit. For judicial estoppel to apply, Community Contacts needed to show more than an initial nondisclosure on

a bankruptcy schedule. See *Ah Quin*, 733 F.3d at 276–77 (explaining that "plaintiff's knowledge of the pending claim and the universal motive to conceal a potential assert" do not establish that debtor harbored subjective intent to conceal "when filling out and signing the bankruptcy schedules").

The district court's judgment in favor of defendant Community Contacts is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.