GRIFFITH, Circuit Judge,
dissenting:
I agree with most of what the majority says. Sandra Marshall may well have de *933 liberately left her civil claims off her bankruptcy forms in an effort to conceal her assets from the bankruptcy court. Had she undisputedly done so, the district court would have been within its discretion to grant summary judgment on the basis of judicial estoppel, just as we affirmed in Moses v. Howard University Hospital, 606 F.3d 789 (D.C. Cir. 2010). But summary judgment is appropriate only if the defendants have shown that there is “no genuine issue as to any material fact.” Celotex Corp. v. Catrett, 477 U.S, 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When making this determination, we view the evidence in its full context and in the light most favorable to Marshall, resolving “any doubts” as to the existence of a genuine issue for trial in her favor. McSurely v. McClellan, 697 F.2d 309, 321 (D.C. Cir. 1982). Because Marshall told the trustee about her civil claims, there is a genuine dispute over whether she lied or simply made a mistake on her bankruptcy forms. And because judicial estoppel is inappropriate in cases of mistake, whether she lied or made a mistake is material. Accordingly, I would hold that the district court abused its discretion by applying judicial estoppel to grant summary judgment against Marshall.
Judicial estoppel is an equitable remedy that we apply to prevent litigants from manipulating the judicial system. Its purpose is to “protect the integrity of the judicial process,” New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982)), by “preventing] parties from ‘playing fast and loose with the courts,’ ” id. at 750, 121 S.Ct. 1808 (quoting Scarano v. Cent. R. Co., 203 F.2d 510, 513 (3d Cir. 1953)). This is why judicial estop-pel “looks toward cold manipulation and not unthinking or confused blunder.” Konstantinidis v. Chen, 626 F.2d 933, 939 (D.C. Cir. 1980) (quoting Johnson Serv. Co. v. Transamerica Ins. Co., 485 F.2d 164, 175 (5th Cir. 1973)). The Supreme Court likewise instructs that judicial estop-pel “may be [inappropriate” when a party’s past misrepresentation “was based on inadvertence or mistake” rather than a lie. New Hampshire, 532 U.S. at 753, 121 S.Ct. 1808 (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995)).
Accordingly, many of our sister circuits do not apply judicial estoppel when a party inadvertently omits information from a bankruptcy filing. See, e.g., Spaine v. Cmty. Contacts, Inc., 756 F.3d 542, 547-48 (7th Cir. 2014); Ah Quin v. Cty. of Kauai Dep’t of Transp., 733 F.3d 267, 276-77 (9th Cir. 2013); Stephenson v. Malloy, 700 F.3d 265, 275 (6th Cir. 2012); Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 364 (3d Cir. 1996). We have never disagreed with this approach. The majority relies heavily on our decision in Moses, but that case is fully consistent with our longstanding refusal to apply judicial estoppel to “unthinking or confused” litigants who neither manipulate the judicial system nor threaten the integrity of the judicial process. Konstantinidis, 626 F.2d at 939 (quoting Johnson, 485 F.2d at 175). Moses involved a plaintiff who selectively disclosed his liabilities, concealed his assets, and offered no evidence to support his claim that he made a mistake, much less evidence as probative as an oral disclosure to the trustee. In short, the plaintiff in Moses did not present a genuine issue as to whether he made a mistake on his bankruptcy forms.
The majority does not dispute that judicial estoppel is inappropriate in cases of mistake. But the majority improperly limits the evidence that it considers in evaluating whether Marshall made a mistake. It concludes that Marshall lied to the bankruptcy court solely because she disclosed *934 her liabilities (cases in which she was a defendant) on her bankruptcy forms yet concealed her assets (cases in which she was a plaintiff). But this conclusion overlooks Marshall’s oral disclosure, which suggests she made a mistake on her forms. Instead, the majority treats Marshall’s oral disclosure as wholly unrelated to her claim of mistake, concluding simply that an oral disclosure to the trustee neither satisfies the bankruptcy code’s requirements nor provides notice to creditors. Nowhere does the majority acknowledge that Marshall’s oral disclosure might also bear on whether she made a mistake on her written forms.
The district court likewise never considered Marshall’s oral disclosure as relevant evidence when it concluded that she lied to the bankruptcy court. Marshall pointed out that were she “trying to escape liability,” she “would not have disclosed” her assets to the trustee during their meeting. Br. for Pl. in Opp’n to Summ. J. at 17, Marshall v. Honeywell Tech. Sys., Inc., 73 F.Supp.3d 5 (D.D.C. 2014). But the district court acknowledged her oral disclosure to the trustee only to conclude that it “did not relieve her of the obligation to provide complete information in her Bankruptcy Petition.” Marshall, 73 F.Supp.3d at 10. And when evaluating Marshall’s claim that she made a mistake on her forms, the district court never mentioned her oral disclosure, finding that she lied solely because she disclosed her liabilities yet concealed her assets. Id. at 11.
But it is wrong to evaluate Marshall’s oral disclosure and her claim that she made a mistake on her forms as wholly separate issues. See Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1290 (D.C. Cir. 1998) (en banc) (explaining that at summary judgment, “the court must consider all the evidence in its full context”). Instead, her oral disclosure is evidence that she never lied at all. Marshall voluntarily told the trustee about her assets, and that fact, viewed in the light most favorable to Marshall, suggests she was not trying to hide anything, notwithstanding what she left off her forms. Thus, like the Sixth and Seventh Circuits, I would hold that a debtor’s oral disclosure to the trustee is material evidence of mistake and would accordingly reverse the grant of summary judgment. See Stephenson, 700 F.3d at 275 (reversing grant of summary judgment, reasoning that an oral disclosure to the trustee suggests no “intent to hide” a claim); Spaine, 756 F.3d at 547 (“Spaine’s disclosure made the trustee aware of the litigation, and the trustee made a decision about its value to her creditors. That testimony protects Spaine from an inference on summary judgment that she deliberately concealed her claim from the bankruptcy trustee and her creditors.”). But see Guay v. Burack, 677 F.3d 10, 19-20 & n. 7 (1st Cir. 2012).
This straightforward approach to mistake is particularly appropriate in the bankruptcy context, where “[hjonest mistakes and oversights are not unheard of.” Spaine, 756 F.3d at 548. Indeed, a major reason that trustees meet with debtors in the first place is to prevent inadvertent errors on bankruptcy forms, which are often filled out by people like Marshall who have little knowledge of the legal system. See id. The bankruptcy code clearly anticipates -that mistakes might happen; it requires trustees to investigate debtors’ financial affairs and meet with them to talk about their assets and liabilities, 11 U.S.C. §§ 341, 704(a)(4), and the Federal Rules of Bankruptcy Procedure allow amendments to initial filings, Fed. R. Bankr. P. 1009(a).
Furthermore, I see little to be gained by jumping to the conclusion that Marshall lied. When we apply judicial estoppel based on bankruptcy omissions, the costs primarily fall not on the plaintiff, but on her creditors, who might otherwise recover *935 assets from successful lawsuits. See Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006); Ah Quin, 733 F.3d at 276 (“If Plaintiffs bankruptcy omission was mistaken, the application of judicial estop-pel in this case would do nothing to protect the integrity of the courts, would enure to the benefit only of an alleged bad actor, and would eliminate any prospect that Plaintiffs unsecured creditors might have of recovering.”)- Here, the defendant corporations, who are accused of unlawful conduct, will get a windfall at the expense of Marshall’s creditors, who are accused of nothing at all.
Nor would it rewrite the bankruptcy code to acknowledge that sometimes debtors make mistakes on their bankruptcy forms. To be sure,- Marshall had a “duty” to disclose potential claims on her bank-ruptcy forms and to amend those forms when she filed suit. Moses, 606 F.3d at 793. She violated the bankruptcy code by failing to do so. But this fact, without more, does not answer the question before us: whether Marshall’s noncompliance with the bankruptcy code warrants the application of judicial estoppel in her current lawsuit. Judicial estoppel is appropriate only if Marshall’s failure was deliberate, and not merely because she violated her duty to disclose. See Ryan Operations, 81 F.3d at 364 (“[T]he requisite intent for judicial estoppel [cannot] be inferred from the mere fact of nondisclosure in a bankruptcy proceeding.”); see also Moses, 606 F.3d at 798 (recognizing that courts of appeals generally apply judicial estoppel when a debtor “deliberately” fails to disclose her pending suit in an earlier bankruptcy case).
I agree with the majority that Marshall’s selective written disclosures suggest she lied on her forms. But her oral disclosure to the trustee points in the other direction. This is precisely the type of genuine dispute of material fact that the district court should not have resolved at summary judgment. However, the majority expressly declines to set a rule dictating how the district court is to evaluate claims of mistake and takes no stance on the role of an oral disclosure in this calculus. Thus, I do not read the majority opinion to limit the ability of a district court to consider a debtor’s oral disclosure as evidence of mistake in a future case.