Issued December 10, 2018
Corrected December 11, 2018

**Supreme Court**

No. 2017-187-Appeal.
(PC 16-1676)

J. Ronald Fishbein           :

v.                           :

Nicholas Cambio.             :


**O R D E R**

The plaintiff—J. Ronald Fishbein—appeals *pro se* from a Superior Court order dismissing

his complaint against the defendant, Nicholas E. Cambio, to recover the balance of a debt on a

judgment. This case came before the Supreme Court for oral argument on October 24, 2018,

pursuant to an order directing the parties to appear and show cause why the issues raised in this

appeal should not summarily be decided. After hearing argument and examining the memoranda

filed by and on behalf of the parties, we are of the opinion that cause has not been shown, and we

proceed to decide the appeal at this time without further briefing or argument.

In 1992, DAP Financial Management Company (DAP) acquired a number of negotiable

instruments from the Bank of New England; one was a promissory note executed by Cambio. In

1997, the note was rewritten to be made payable to DAP in the amount of $100,000. Two years

later, Fishbein, acting as legal counsel for DAP, filed an action in Providence County Superior

Court on behalf of DAP against Cambio to collect on the note. Default judgment was eventually

entered against Cambio in that action for $140,278.36, plus statutory interest. After entry of that

judgment, Cambio made periodic payments, but the last payment that he made to DAP was on

- 1 -

December 29, 2008.[1]  According to Fishbein, Cambio owes a balance of $80,268.96, plus interest, on the judgment.

On December 13, 2010, this Court entered an order suspending Fishbein from the practice of law, and he has not been an active attorney since that time. *See In re Fishbein: (Viscione)*, 8 A.3d 1038, 1039 (R.I. 2010) (mem.).  Fishbein has represented that he unsuccessfully attempted to find new representation for DAP to recover on the judgment against Cambio.

The underlying action against Cambio was dismissed on January 3, 2012, because the case had been inactive for five years.  *See* G.L. 1956 § 9-8-5.  Nonetheless, Fishbein approached DAP in March 2016 to inquire about the balance due on the Cambio judgment.   According to Fishbein, he approached DAP about acquiring the right to recover the remaining portion of the judgment because he had lost his home in a tax sale and was in need of resources to redeem his property. Alfred W. Bowman, Jr., the President of DAP, swore in an affidavit that he had been prepared to assign the judgment to Fishbein for no consideration because he lacked confidence in any future recovery of the remaining amount against Cambio and because he wanted to reward Fishbein for his past legal work for DAP.

In any event, DAP executed a document assigning the balance of the judgment to Fishbein. Contemporaneously, Fishbein executed a nonnegotiable promissory note in which he promised to pay DAP half of any payments received from Cambio, until a total of $10,000 was paid, as consideration for the assignment.  Fishbein then filed this suit against Cambio for the balance of the judgment, and Cambio filed a motion for summary judgment, contending that Fishbein could not pursue the action because the 1999 case had been dismissed pursuant to § 9-8-5 and the action

---

[1] According to Fishbein, Cambio stopped making payments after this date because he contested the remaining amount.

had not been reinstated within one year, as required by § 9-8-6.  Fishbein objected to that motion, and he also filed a cross-motion for summary judgment; Cambio objected to that cross-motion.

The Superior Court held several hearings on these motions.  At each one, the hearing justice, *sua sponte*, said that she was troubled by the assignment of the interest in the Cambio judgment to Fishbein because DAP was Fishbein's former client and Fishbein was suspended from the practice of law.  Specifically, the hearing justice was concerned that DAP retained an interest in the judgment because Fishbein had agreed to pay DAP up to $10,000 from what he recovered from Cambio.

In March 2017, the hearing justice rendered a bench decision, ruling that Fishbein—a suspended attorney—could not pursue the action against Cambio because DAP retained an interest in pursuit of that judgment.  She cited several cases from other jurisdictions to support her finding that a disbarred or suspended attorney was barred from bringing a *pro se* collection action that had been assigned to him.  The hearing justice indicated that she was not deciding the merits of the parties' motions for summary judgment, but rather was dismissing the matter because Fishbein's involvement would constitute the unauthorized practice of law.  An order was entered dismissing Fishbein's complaint on the basis that the assignment to Fishbein violated public policy and was therefore invalid.  Fishbein filed a notice of appeal to this Court.

On appeal, Fishbein argues, *inter alia*, that the assignment from DAP does not constitute the unauthorized practice of law because the consideration to be paid to DAP pales in comparison to the balance on the judgment.  We do not agree with this argument and hold that the hearing justice was correct when she dismissed the case.  Although there are no Rhode Island cases directly on point with the issue to be decided in this case, there are cases from other jurisdictions that are in agreement with the hearing justice's ruling. *See Iowa Supreme Court Commission on*

*the Unauthorized Practice of Law v. Sullins*, 893 N.W.2d 864, 869-70 n.3, 876 (Iowa 2017) (holding a disbarred attorney was engaged in the unauthorized practice of law when he accepted an assignment of a judgment because the assignor of the judgment retained a monetary interest in the assigned claim and "[e]very dollar [the disbarred attorney] failed to collect was a dollar [the assignor] still owed him. Every dollar [the disbarred attorney] collected above what [the assignor] owed him was money in her pocket"); *see also In re Brooms*, 447 B.R. 258, 266 (B.A.P. 9th Cir. 2011) ("If [the assignor] retained any interest in the Judgment or any recovery thereon, then [the assignee] was engaging in the unauthorized practice of law by representing another party when he is not a licensed attorney."). Here, Fishbein was representing DAP—his former client during the time he was a practicing attorney—by promising to make payments totaling up to $10,000 to DAP on amounts successfully recovered from Cambio on the remaining balance of the judgment if he won his suit against Cambio. This constitutes the unauthorized practice of law.

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to that tribunal.

Entered as an Order of this Court this 10th day of December, 2018.

_____/s/_____
Clerk

- 4 -

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | J. Ronald Fishbein v. Nicholas Cambio. | |
| **Case Number** | No. 2017-187-Appeal. (PC 16-1676) | |
| **Date Order Filed** | December 10, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> J. Ronald Fishbein, Pro Se | |
| | For Defendant: <br><br> Richard G. Riendeau, Esq. | |